# United States District Court
# Central District of California



FILED
CLERK, U.S. DISTRICT COURT

OCT 11, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

In re

Eagan Avenatti, LLP,

          Debtor.

SA 18-cv-01644-VAP (KES)

**Order Denying Judgment Creditor Jason Frank Law, PLC's Ex Parte Application for Order Shortening Time on Hearing on Motion for Withdrawal of the Reference from the Bankruptcy Court (Doc. No. 13)**

Before the Court is judgment creditor Jason Frank law, PLC's ("JFL") Ex Parte Application for Order Shortening Time on Hearing on Motion for Withdrawal of the Reference from the Bankruptcy Court ("Ex Parte Application" or "Ex Parte App.") (Doc. No. 13) and a Motion for the Withdrawal of the Reference from the Bankruptcy Court ("Motion" or "Mot.") (Doc. No. 12). After consideration of the papers in support of and in opposition to the Ex Parte Application and the Motion, the Court DENIES JFL's Ex Parte Application and schedules a hearing on the Motion for October 22, 2018.

## I.  BACKGROUND

JFL seeks, through its Ex Parte Application, to have its Motion heard on shortened time, i.e. before October 10, 2018. (Ex Parte App. at 2.) It seeks this shortened hearing

time because United States Bankruptcy Judge Catherine Bauer, who had previously been overseeing this case, issued a Notice of Intent to Abstain from hearing JFL's Motion. (Id.) If Judge Bauer abstains, then this proceeding would continue in front of this Court and United States Magistrate Judge Karen E. Scott. (Id.)

The parties have scheduled a hearing before Bankruptcy Judge Bauer and a hearing before Magistrate Judge Scott, both on October 10, 2018. (Id. at 2.) Debtor Eagan Avenatti, LLP has allegedly questioned whether this Court and Magistrate Judge Scott would have authority to decide the Motion at the October 10, 2018 hearing. (Id. at 5.)

JFL seeks to have its Motion heard in this Court on or before October 8, 2018 so that JFL can appear before Magistrate Judge Scott on October 10, 2018 with certainty that she has authority to hear its Motion. (Id. at 5.)

## II.  DISCUSSION

Pursuant to the Local Rules, a "notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing" if served on a party electronically. (See Local Rule 6-1.) Under certain circumstances, a party may be relieved of this requirement if they file an ex parte application for a motion to be heard on shortened time.

"The purpose of ... the ex parte motion papers is to establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." Mission Power Engineering Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). To be entitled to ex parte relief, the moving party must show that it will

be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." (Id.)

JFL's only argument for why its Motion should be heard on shortened time is that "delaying a hearing on the Protective Order Motion and the Withdrawal Motion would unduly and unfairly further delay Judgment enforcement proceedings, which effectively have been in abeyance since the Bankruptcy Court stated its intent to abstain on August 30, 2018." (Ex Parte App. at 5.) The Court does not find that such a delay would irreparably prejudice JFL.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES JFL's Ex Parte Application and schedules a hearing on the Motion for Withdrawal of the Reference from the Bankruptcy Court for Monday, October 22, 2018 at 2:00 p.m. Opposition to the Motion shall be filed and served no later than noon on October 18, 2018.

**IT IS SO ORDERED.**

Dated: 10/11/18

Virginia A. Phillips
Chief United States District Judge