UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES — GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:18-cv-01644 VAP (KESx) | Date | February 1, 2019 |
| Title | *In Re Eagan Avenatti, LLP* | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| BEATRICE HERRERA | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                             None Present

**Proceedings:**   MINUTE ORDER (IN CHAMBERS) DENYING MOTION TO DISQUALIFY COUNSEL (DOC. NO. 36.)

On January 10, 2019, Debtor Egan Avenatti, LLP ("Debtor") filed its Motion to Disqualify Counsel. (Doc. No. 36.) On January 17, 2019, Creditor Jason Frank Law, PLC ("Creditor") filed its Opposition, (Doc. No. 39), and on January 22, 2019, Debtor filed its Reply, (Doc. No. 41). After considering the arguments in support of and in opposition to the Motion, and those advanced at the January 24, 2019 hearing, the Court rules as follows.

Debtor contends that attorneys Scott Sims, Andrew Stolper, Jason Frank, and Franks, Sim & Stolper, LLP must be disqualified as Creditor's counsel, as "in the course of representing EA and Avenatti in litigation, Sims, Jason Frank, and Andrew Stolper have learned confidential information about the finances of EA and Avenatti as well as their litigation strategies related to financial discovery," and because Mr. Sims "is currently counsel of record for EA and Avenatti in ongoing litigation." (Doc. No. 36 at 6.)

### I. DEBTOR'S ARGUMENTS FOR DISQUALIFICATION FAIL

Debtor's argument for disqualification based on counsels' acquisition of confidential financial information through their representation of Debtor is belied by Mr. Sims' declaration that he was ordered "not to have any involvement in the

production or review of EA's or Avenatti's financial records," (Doc. No. 39-2 at 3), Mr. Frank's indication that his only work in the case at issue was limited to a single deposition, (Doc. No. 39-1 at 3), and Mr. Stolper's declaration that he never represented Debtor in any matter, (Doc. No. 39-3 at 2).  Debtor does not substantiate his arguments with evidence of any specific information that Sims, Frank, or Stolper learned in the course of their work at Egan Avenatti.  Furthermore, courts in this Circuit have found that attorneys may, when they themselves have an interest adverse to a debtor, serve as their own counsel, as the California Rules of Professional Conduct would otherwise prevent an attorney from pursuing "collection of an attorney fee without the client's written consent.  That is not the law."  *In re Rindlisbacher*, 225 B.R. 180, 183 n.4 (B.A.P. 9th Cir. 1998)

Debtor also argues that disqualification is warranted because Mr. Sims currently represents it in *Egan Avenatti, LLP v. Stoll*, a fee collection lawsuit currently pending in Orange County Superior Court.  Neither the facts nor the law support Debtor's contention.  At the January 24, 2019 hearing, Debtor's counsel stated that Egan Avenatti fired Frank and Sims in 2016, and that they were "summarily walked out of the premises," for "plotting to take cases."  It is simply implausible that Sims continued to represent Debtor after that, and Sims' declaration confirms that he did not.  Debtor cites to California Code of Civil Procedure Sections 284 and 285 for the proposition that the lack of any notice of withdrawal by Sims in the *Stoll* action means that Sims still acts as Egan Avenatti's counsel of record.  Neither of those sections directly addresses whether an attorney who, like Sims, represented a party while employed at a law firm, must file a notice of withdrawal when he or she leaves the firm and the firm continues to represent that party.  Scant case law exists on this point, but the California Rules of Civil Procedure contemplate that attorneys may leave a case without having filed a notice of withdrawal.  *See* Cal. Civ. Proc. Code § 285 2. ("Where at different stages of the suit different attorneys have acted for one of the parties, and no notice of substitution appears, service of notice upon the attorney last acting and recognized by the Court, is sufficient to bind client); *see also Wells Fargo & Co. v. City & County of San Francisco*, 25 Cal. 2d 37, 43 (1944) ("The requirements of a substitution as prescribed in sections 284 and 285 of the Code of Civil Procedure are not applicable unless the associated attorney attempts to act as the sole attorney rather than as an associated attorney and to convert his association into a substitution for the attorney of record.").

## II. THE "BALANCING OF INTERESTS" TEST WEIGHS AGAINST DISQUALIFICATION

A court contemplating a potential disqualification of counsel "must weigh the combined effects of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest."  *Radcliffe v. Hernandez*, 818 F.3d 537, 547 (9th Cir. 2016).  Even assuming

that a conflict of interest exists, the first two factors clearly weigh against disqualification; the Court will discuss the next two in greater detail.

The Court finds that Creditors would be prejudiced by disqualification of counsel. Creditors state that counsel "spent over a month preparing for the judgment debtor exam, reviewing over 106,000 separate banking transactions – involving complicated intra company transfers between [Debtor's] various entities and bank accounts." (Doc. No. 39 at 14.) Requiring new counsel to become sufficiently familiar with these transactions to conduct an effective debtor's examination would involve great time and expense. Creditors also argue that such delay could jeopardize their ability to collect a judgment, as Debtor has made numerous transfers of assets since the initial debtor's examination.[1] (Id. at 15.) Consequently, Creditors would be significantly prejudiced by disqualification.

The Court also finds that Debtor's Motion to Disqualify, originally made orally at the January 4, 2019 debtor's exam, (Doc. No. 25), is tactically abusive. Counsel that Debtor seeks to disqualify first appeared in this action on October 2, 2018, (Doc. No. 15, 16), some four months ago. Mr. Frank was also present for—and, in fact, made a pro se appearance at—the July 25, 2018 debtor's exam, six months earlier. (Doc. No. 43-2 at 64.) Counsel have undertaken numerous substantive actions in this case, including representing Creditor at multiple oral arguments, (Doc. No. 18, 25), and conferring with Debtor about the date of the January 4, 2019 exam at which the Motion was finally brought, (Doc. No. 32, 33). Given the numerous points over a period of months at which Debtor could have raised this potential issue, the timing of the Motion smacks of tactical abuse.[2]

The thus Court finds that the "balancing of interests" test weighs against disqualification of counsel.

---

[1] Debtor was repeatedly evasive at this examination. Debtor did not bring subpoenaed documents, (Doc. No. 43-2 at 7), claimed not to know if Egan Avenatti had filed tax returns, (id. at 13), was unable to recall his income from the firm (or even provide an estimate), (id. at 24-25), claimed not to recall how Egan Avenatti fell $2 million behind in payroll taxes, (id. at 31), and indicated that he did not remember when Mr. Egan left Egan Avenatti, (id. at 63). Debtor also noted that he may only pay a portion of the $10-million judgment to Mr. Frank because it was "bogus." (Id. at 11-12.)

[2] Other courts in this district to consider similar months-long delays in bringing a motion to disqualify have found they suggest "both waiver of the right to disqualify and that the motion is a 'tactical abuse' of the procedure." Sirisup v. It's Thai, L.L.C., No. CV 13-07246 DDP (PJWx), 2015 WL 404096, at *3 (C.D. Cal. Jan. 29, 2015).

      Accordingly, as Debtor's arguments for disqualification fail and the "balancing of interests" test weighs against disqualification of counsel, the Court DENIES Debtor's Motion.

      **IT IS SO ORDERED.**