UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EAGAN AVENATTI, LLP, Debtor. | Case No. 8:18-cv-01644-VAP-KES<br><br>CERTIFICATION AND ORDER TO SHOW CAUSE RE CONTEMPT |

On January 2, 2019, Jason Frank Law, PLC ("JFL") filed an Application for Order to Show Cause re Civil Contempt ("Application"), which seeks to hold Michael Avenatti in contempt for failure to comply with a subpoena to produce documents. (Dkt. 32.)

The limited contempt powers granted to Magistrate Judges in 28 U.S.C. § 636(e) do not extend to the circumstances presented in the Application. Accordingly, the Magistrate Judge certifies the following facts and commends to the District Judge the questions of (a) whether Mr. Avenatti should be held in contempt, and (b) what sanctions should be imposed, if any. Id.; see also Bingman v. Ward, 100 F.3d 653, 657-58 (9th Cir. 1996), cert. denied, 520 U.S. 1188 (1997); United States v. Brumbaugh, No. 09-5012, 2010 WL 724677 at *2, 2010 U.S. Dist.

LEXIS 24961 at *4-5 (W.D. Wash. Feb. 26, 2010) ("In certifying the facts under Section 636(e), the magistrate judge's role is 'to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'") (quoting Church v. Steller, 35 F. Supp. 2d 215 (N.D.N.Y. 1999)).

The Magistrate Judge has read and considered all papers filed in connection with the Application and has considered all relevant statements made by the parties in open court. JFL filed sworn declarations with the initial Application (Dkt. 32) and with supplemental briefing invited by the Magistrate Judge (Dkt. 38). Despite being provided the opportunity to do so (as discussed further below), Mr. Avenatti never filed any written response to the Application or to JFL's supplemental brief. The Magistrate Judge finds JFL's sworn declarations to be credible and has therefore certified facts consistent with those declarations. The Magistrate Judge finds it unnecessary to hold a hearing on the Application.

IT IS HEREBY ORDERED that Mr. Avenatti shall appear before the Honorable Virginia A. Phillips—at a time and place to be set by her in a separate Order—and then and there show cause, if any he has, why he should not be adjudged in contempt by reason of the facts certified herein.

In accordance with 28 U.S.C. § 636(e), the Magistrate Judge certifies the following facts:

**PROCEEDINGS IN THE BANKRUPTCY COURT**

1. On May 22, 2018, the United States Bankruptcy Court for the Central District of California ("the Bankruptcy Court") entered a $10 million judgment in favor of JFL against Eagan Avenatti, LLP ("EA"), pursuant to a settlement agreement between JFL and EA that dismissed the bankruptcy action. (Dkt. 17-5.) (Dkt. 6-1 at 21-22.)[1] The Bankruptcy Court initially retained post-dismissal

---

[1] All page citations refer to the pagination imposed by the Court's electronic filing system, CM/ECF.

jurisdiction to resolve matters concerning the settlement. (Dkt. 6-1 at 8; see also Dkt. 21 at 2.)

2. On June 21, 2018, at JFL's request, the Bankruptcy Court issued an Order to Appear for Examination of Judgment Debtor directing Michael Avenatti, EA's managing partner, to "furnish information to aid in enforcement of a money judgment against the judgment debtor," EA. (Dkt. 6-1 at 14; Dkt. 6 at 6 ¶ 4.)

3. ***On June 23, 2018, at JFL's request, the Bankruptcy Court issued a subpoena <u>duces tecum</u> to Mr. Avenatti with 37 incorporated document requests ("the Subpoena").*** (Dkt. 6-1 at 24-30.) The Subpoena directed Mr. Avenatti to produce documents by July 25, 2018, the date of the judgment debtor exam. (Id.)

4. On July 19, 2018, Mr. Avenatti moved the Bankruptcy Court for a protective order that would quash the subpoena in its entirety. (Id. at 35-48.)

5. On July 25, 2018, Mr. Avenatti appeared for the judgment debtor exam and was questioned by JFL's counsel. (Dkt. 43-2 [transcript].) He did not produce any documents responsive to the subpoena because his motion for a protective order remained pending. (Id. at 7.) The exam proceeded on some issues but was continued until after that motion was resolved. (Dkt. 43-3 [minute order].)

**RESOLUTION OF PROCEDURAL ISSUES IN THIS COURT**

6. On August 27, 2018, the Bankruptcy Court gave the parties notice of its intent to abstain from further proceedings under 11 U.S.C. § 305(a); the Bankruptcy Court later issued a written notice to this effect. (Dkt. 6-1 at 17-18.)

7. On September 4, 2018, JFL registered the bankruptcy judgment in this Court pursuant to 28 U.S.C. § 1963 (Dkt. 1) and asked this Court to set a hearing on Mr. Avenatti's motion for a protective order (Dkt. 6). JFL also moved this Court to "withdraw[] the automatic reference of post-dismissal proceedings currently pending in the bankruptcy case" pursuant to 28 U.S.C. § 157(d). (Dkt. 12.)

8. On September 24, 2018, the parties appeared for a status conference

before the Magistrate Judge. (Dkt. 11.) Mr. Avenatti argued that there were multiple procedural and/or jurisdictional impediments to this Court resolving his motion for a protective order. The Magistrate Judge directed the parties to file supplemental written briefs on these issues by October 3, 2018. (Id.) JFL timely filed a brief (Dkt. 17), but Mr. Avenatti did not file a brief.

9. On October 10, 2018, Mr. Avenatti and JFL appeared for a hearing before the Magistrate Judge. (Dkt. 18.) The parties discussed the document requests and the procedural issues raised by Mr. Avenatti, and the Magistrate Judge took the matters under advisement.

10. On October 25, 2018, the District Judge granted JFL's motion to withdraw the reference to the Bankruptcy Court. (Dkt. 21 at 5.)

11. On October 30, 2018, finding that there were no longer any procedural impediments to reaching the merits of Mr. Avenatti's motion for a protective order, the Magistrate Judge issued an order setting a hearing on Mr. Avenatti's motion for November 28, 2018. (Dkt. 23.) The Magistrate Judge ordered the parties to meet-and-confer prior to the hearing, to attempt to resolve or narrow the disputed document production issues, and directed JFL to file a status report two days before the hearing describing their progress. (Id. at 3.)

12. On November 26, 2018, JFL timely filed the status report, which stated that Mr. Avenatti had not produced any responsive documents and had not cooperated with JFL's efforts to meet-and-confer. (Dkt. 24 at 2.) JFL nevertheless agreed to narrow its document requests in response to comments made by the Magistrate Judge at the October 10th hearing. (Id. at 4-9; see also Dkt. 27 at 13 [JFL's counsel stated at a later hearing that JFL "took under consideration all of your Court's comments" in narrowing the requests].)

## NOVEMBER 28, 2018 HEARING ON MR. AVENATTI'S
## MOTION FOR PROTECTIVE ORDER

13. On November 28, 2018, the parties appeared[2] before the Magistrate Judge on Mr. Avenatti's motion for protective order. (Dkt. 25 [minutes]; Dkt. 27 [transcript].)

14. Mr. Avenatti denied willfully evading a meet-and-confer with opposing counsel; he asserted that his non-appearance at a scheduled meet-and-confer on November 14th was due to his arrest on suspicion of domestic violence.[3] (Dkt. 27 at 3.)

15. Mr. Avenatti stated that he had reviewed JFL's proposal to narrow the document requests (although "not in great detail") and he suggested that the Magistrate Judge give the parties additional time to meet and confer. (Id. at 4, 12.) Mr. Avenatti also asked for an opportunity to submit a written response to JFL's proposed narrowed requests. (Id. at 13-15.) JFL objected that this would cause more delay and asked the Magistrate Judge to rule on Mr. Avenatti's motion for protective order. (Id. at 4-5, 11-15.)

16. The Magistrate Judge declined Mr. Avenatti's scheduling proposal—noting that she had reviewed the document requests, the full briefing on the motion for protective order filed in the Bankruptcy Court, and JFL's proposed narrowed requests—and orally ruled on Mr. Avenatti's motion for protective order. (Id. at 16-21.)

17. The Magistrate Judge ordered Mr. Avenatti to produce documents responsive to the Subpoena, as narrowed by her ruling, within "ten court days, so

---

[2] Mr. Avenatti appeared telephonically with the Magistrate Judge's permission. (Dkt. 27 at 2.)

[3] Mr. Avenatti stated that the district attorney's office ultimately chose not to file charges against him. (Dkt. 27 at 3.)

5

that would be two weeks" after entry of a protective order. (Id. at 16.) This was based on Mr. Avenatti's representation that he could produce documents responsive to the Subpoena "within the next probably 12 court days, so a little more than two weeks, probably by two weeks from this Friday [i.e., by December 14] at the latest." (Id. at 4.)

18. The parties agreed to continue the judgment debtor exam of Mr. Avenatti to January 4, 2019. (Id. at 10.)

19. The parties failed to reach agreement on the language of a protective order and lodged competing versions with the Court. (Dkt. 29.) On December 11, 2019, the Magistrate Judge resolved these disputes and issued a protective order. (Dkt. 30, 31.)

20. ***Pursuant to the Magistrate Judge's oral ruling at the November 28, hearing, Mr. Avenatti's production in response to the Subpoena was due by December 26, 2018 (i.e., 10 court days after the protective order was entered)***.

**JFL'S APPLICATION FOR CONTEMPT**

21. On December 12, 2018, JFL's counsel sent Mr. Avenatti an email attaching the protective order and indicating that JFL expected his document production responsive to the Subpoena within 14 days. (Dkt. 32 at 12-13.)

22. On December 27, 2018, JFL's counsel emailed Mr. Avenatti, "We have not received any of the documents responsive to JFL's subpoena, which were due by 12/25."[4] (Id. at 12.)

23. On January 2, 2019, JFL filed the present Application contending that Mr. Avenatti is in contempt of Court. (Dkt. 32.)

24. ***As of January 2, 2019, neither Mr. Avenatti nor EA had produced***

---

[4] The Magistrate Judge finds that the documents were in fact due one day later, on December 26, 2018, because December 25th is a federal holiday. See Fed. R. Civ. P. 6(a)(1)(C).

6

1 | *any documents in response to the subpoena, and Mr. Avenatti had not responded*
2 | *to the December 27 or January 2 emails from JFL's counsel.* (Dkt. 32 at 3 ¶¶ 4-
3 | 5.)

25. On the evening of January 3, 2019—the day before the continued judgment debtor exam—Mr. Avenatti produced approximately 357 pages of documents. (Dkt. 38 at 11 ¶ 5.)

### JANUARY 4, 2019 JUDGMENT DEBTOR EXAM

26. On January 4, 2019, the parties appeared for the continued judgment debtor exam of Mr. Avenatti as EA's managing partner.

27. Mr. Avenatti admitted that the January 3rd document production was incomplete and that he planned to produce additional documents responsive to the Subpoena.

28. Mr. Avenatti made an oral objection to having the examination conducted by Mr. Stolper or Mr. Frank (JFL's principal). He argued that Mr. Frank, Mr. Stolper, and Mr. Sims should be disqualified due to a conflict of interest.

29. The Magistrate Judge suspended the judgment debtor exam to allow Mr. Avenatti to file a written motion to disqualify and to allow the parties to brief that issue.

30. *Consistent with Mr. Avenatti's representations concerning the time he needed to complete his document production responsive to the Subpoena, the Magistrate Judge ordered Mr. Avenatti to complete the production on or before January 10, 2019.* (Dkt. 35 [minutes].)

31. The Magistrate Judge also ruled, "After receiving the complete production, [JFL] may file a supplemental brief in support of its application [for contempt] at its convenience. The Court will not take the application under submission until it has received a supplemental brief from [JFL]. … Mr. Avenatti shall file a response to the application and the supplemental brief within one (1)

week of receiving [JFL's] supplemental brief. … After receiving this briefing, the Magistrate Judge will determine whether reply briefing or a hearing on the application is appropriate." (Id.)

**SUPPLEMENTAL BRIEFING ON APPLICATION FOR CONTEMPT**

32. On January 11, 2019, JFL filed a supplemental brief in support of the Application. (Dkt. 38.)

33. ***As of January 10, 2019, neither Mr. Avenatti nor EA had produced any additional documents responsive to the Subpoena.*** (Dkt. 38 at 11 ¶ 6.)

34. Mr. Avenatti's written response to JFL's supplemental brief was due within 1 week, i.e., by January 18, 2019. (Dkt. 35.) As of the date of this Order, Mr. Avenatti has not filed any response. Around the same time—on January 10 and January 22, 2019—Mr. Avenatti filed a written motion to disqualify JFL's counsel and a reply in support of the motion. (Dkt. 36, 41.)

35. The District Judge denied the disqualification motion on February 1, 2019. (Dkt. 45.)

36. In sum, although Mr. Avenatti's substantive objections to the Subpoena were resolved on November 28, 2018, as of the date of this order Mr. Avenatti has made only an incomplete production of documents responsive to the Subpoena. This production was made after the Magistrate Judge's initial deadline for the production and on the eve of the continued judgment debtor exam. Mr. Avenatti failed to complete this production by the second deadline set by the Magistrate Judge and has not provided any justification for this failure.

DATED: February 04, 2019

_____
KAREN E. SCOTT
United States Magistrate Judge