Scott H. Sims, State Bar No. 234148
Andrew D. Stolper, State Bar No. 205462
FRANK SIMS & STOLPER LLP
19800 MacArthur Boulevard, Suite 855
Irvine, California 92612,
Telephone:   (949) 201-2400
Facsimile:   (949) 201-2401
astolper@lawfss.com
ssims@lawfss.com

Attorneys for Judgment Creditor
JASON FRANK LAW, PLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor. | Case No.  8:18-CV-01644-VAP-KES<br><br>**JASON FRANK LAW, PLC'S STATUS REPORT RE JUDGMENT DEBTOR EXAM** |

Pursuant to the Court's February 26, 2019 Minute Order (Dkt. No. 56), Jason Frank Law, PLC ("JFL") submits the following status report related to the judgment debtor examination of Michael Avenatti scheduled for March 8, 2019. JFL intends to proceed with the judgment debtor examination. Doing so is appropriate and necessary given the following:

*First*, as part of the stipulation appointing the Receiver, Avenatti stipulated to the judgment debtor examination going forward on March 8, 2019. (Dkt. 49.) He did so in his personal capacity and in his capacity as the managing partner of Eagan Avenatti, LLP ("EA"). (Id.) Avenatti's agreement to sit for the judgment debtor examination on March 8, 2019 was material to JFL's agreement to enter the stipulation.

*Second*, while JFL hoped the parties would be able to work out their differences short of the examination going forward, that unfortunately has not happened. This is a judgment debtor examination long in the works. Avenatti has repeatedly and successfully delayed the examination time and time again, but that delay must end.

*Third*, as a judgment creditor, JFL has a right to broadly question Avenatti as part of its effort to collect its Judgment. By agreeing to the appointment of a Receiver, JFL did not agree to forego its collection efforts, and the judgment debtor examination is an important part of the collection process. Through the examination, JFL is seeking to discover numerous issues, including but not limited to (a) determining where did all the money go; (b) what are EA's current assets; (c) have Avenatti or Eagan wrongfully diverted EA assets to themselves or their related entities; (d) did EA fraudulently transfer money to third parties; (e) should other individuals or entities be added to the Judgment pursuant to California Code of Civil Procedure § 187.4 because an inequitable result will follow if their acts are treated as those of the entity alone. Greenspan v. LADT, LLC, 191 Cal.App.4th 486, 509 (2010); Carr v. Barnabey's Hotel Corp., 23 Cal.App.4th 14, 20-22 (1994) ("The

greatest liberality is to be encouraged in the allowance of such amendments in order to see that justice is done.")

*Fourth*, the appointment of the Receiver is not an adequate substitute for a judgment debtor examination. The Receiver is not in the possession of the same information as Avenatti, who has been the managing partner of EA for years. As Judge Phillips found in her Order Denying EA and Avenatti's Motion to Disqualify Counsel, JFL's counsel has extensively prepared for the examination, "reviewing over 106,000 separate banking transactions involving complicated intra company transfers between [Avenatti's] various entities and bank accounts" and "requiring new counsel to become sufficiently familiar with these transactions to conduct an effective debtor's examination would involve great time and expense." (Dkt. 45, p. 3). The same holds true for the Receiver who has only been assigned to this case for a few weeks. Moreover, there is no substitute for having Avenatti answer questions under oath and having the Court available to rule on objections and require answers if appropriate.

*Fifth,* Avenatti still has not complied with this Court's order to produce documents, including but not limited to: (a) EA's retainer and fee sharing agreements; (b) the bank records for all Avenatti entities and client trust accounts; (c) EA's financial records; (d) EA's tax records; etc. (See Dkt. 38 for full summary of missing documents). This is the subject of this Court's Certification and Order to Show Cause re Contempt, which has not yet been scheduled for hearing. (Dkt. 48.) While JFL has been able to obtain some information through third-party bank subpoenas -- including millions of dollars of EA fees that were hidden by Avenatti in undisclosed bank accounts during the bankruptcy (Dkt. 51) -- JFL has not been able to locate all bank accounts. Hopefully, in the judgment debtor exam, Avenatti will finally be required to disclose all his bank accounts under penalty of perjury, so JFL and/or the Receiver are able to trace and claw back EA's assets.

The appointment of the Receiver should help immeasurably in preserving EA's assets and assisting in the collection of EA fees and potential fraudulent transfers. However, discovering the facts necessary to assist in these efforts requires a thorough judgment debtor exam of, what has been to date, a very difficult and evasive witness. (Dkt. 45, p. 3, n. 1 (finding that Avenatti was "repeatedly evasive" at his initial debtor examination).)

Dated: March 6, 2019                               FRANK SIMS & STOLPER LLP

By: /s/ Scott H. Sims
Scott Sims, Esq.
Attorneys for Judgment Creditor
Jason Frank Law, PLC