Leonard M. Shulman – Bar No. 126349
Ronald S. Hodges – Bar No. 150586
Ryan D. O'Dea – Bar No. 273478
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:   (949) 340-3400
Facsimile:    (949) 340-3000
Email:         RHodges@shbllp.com

Attorneys for Michael J. Avenatti

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re** <br><br> **EAGAN AVENATTI, LLP** <br><br> Debtor. | Case No.  8:18-cv-01644 VAP (KESx) <br><br> **MICHAEL AVENATTI'S OBJECTION TO JUDGMENT DEBTOR EXAMINATION** <br><br><br> **DATE:**   March 22, 2019 <br> **TIME:**    9:30 am <br> **PLACE:**  Courtroom 8A <br> 350 West 1st Street <br> Los Angeles, CA 90012 |

Pursuant to docket number 60 in the above-captioned matter, Michael J. Avenatti ("Avenatti"), by and through its counsel, brings this objection (the "Objection") to Avenatti's judgment debtor examination (the "JDE") to be conducted by judgment creditor Jason Frank Law, PLC ("Judgment Creditor") and respectfully represents the following:

## I.

## **ARGUMENT**

Avenatti brings this objection to address two discreet and compartmentalized issues raised by the Court in docket number 60: (1) Avenatti's arguments as to why the JDE should not proceed on March 22, 2019; and (2) Avenatti's argument as to why the JDE should not be conducted publicly. Turning first to Avenatti's arguments as to why the JDE should not proceed as scheduled: The Judgment Creditor conducted a separate multi-hour judgment debtor examination in state court (the "State JDE") exactly one week prior to the date the JDE is currently scheduled to occur. Tellingly, the document requests in the State JDE and the JDE appear to largely overlap – creating the inference that the State JDE and the JDE are going to be largely duplicative, burdensome and harassing. Despite numerous objections asserted to questions posed regarding assets and liabilities of non-debtor third parties, including Eagan Avenatti, the Court overruled same and counsel spent most of the day inquiring into the issues that should have waited until March 22, 2019. Taking the analysis one step further – a receiver was recently appointed in this action, seriously calling into question the utility of the JDE at this precise moment in time. It is unclear how the JDE will aid in the enforcement and collection of the judgment held by the Judgment Creditor when that creditor is precluded from foreclosing on property under the purview of the receiver's control. To be clear, Avenatti has no objection to participating in a judgment debtor examination arising in the instant action – but common sense and judicial economy dictates such a judgment debtor examination be tabled until actually necessary.

Turning finally to Avenatti's argument as to why the JDE should not be conducted publically: Avenatti made numerous objections to the disclosure of confidential, private, proprietary, and/or privileged third-party information sought vis-à-vis the State JDE. Plaintiff's counsel invited the press to make a public spectacle. One reporter attempted to record the

proceeding, which is a violation of law. In light of the objections, the state court ordered Avenatti back on April 22, 2019 (the date of the hearing on Avenatti's motion for protective order) to continue with his State JDE to the extent permissible. Avenatti believes that this is not only an alternative basis for continuing the date of the JDE, but also a basis to exclude the public from the JDE to avoid the entirely unnecessary dissemination of confidential, private, proprietary, and/or privileged third-party information.

## II.

## CONCLUSION

Based upon the aforementioned, Avenatti respectfully submits that: (1) the JDE should not proceed as scheduled, but rather, should be taken off calendar until a point-in-time where it would actually aid in the Judgment Creditor's collection/enforcement; or in the alternative (2) the JDE should not proceed as scheduled until a time subsequent to the conclusion of the State JDE; or in the alternative (3) the public should be excluded from the JDE so as to avoid the unnecessary dissemination of confidential, private, proprietary, and/or privileged third-party information.

SHULMAN HODGES & BASTIAN LLP

Dated: March 20, 2019   By: */s/ Ryan D. O'Dea*
Leonard M. Shulman
Ronald S. Hodges
Ryan D. O'Dea
Attorneys for Michael J. Avenatti

# PROOF OF SERVICE

**Eagan Avenatti, LLP**
**8:18-cv-01644 VAP (KESx)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

On March 20, 2019, I served true copies of the following document(s) described as **Michael Avenatti's Objection to Judgment Debtor Examination** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Shulman Hodges & Bastian LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2019, at Irvine, California.

*/s/ Lori Gauthier*
Lori Gauthier

**SERVICE LIST**
**Eagan Avenatti, LLP**
**8:18-cv-01644 VAP (KESx)**

| | |
|---|---|
| Eagan Avenatti, LLP<br>Michael J. Avenatti<br>Avenatti LLP<br>520 Newport Center Drive, Suite 1400<br>Newport Beach, CA 92660 | Jason Frank Law, PLC<br>James R. Selth<br>Weintraub and Selth APC<br>11766 Wilshire Blvd., Suite 1170<br>Los Angeles, CA 90025 |
| Jason Frank Law, PLC<br>Andrew D. Stolper<br>Frank Sims and Stolper LLP<br>19800 MacArthur Blvd., Suite 855<br>Irvine, CA 92612 | Jason Frank Law, PLC<br>Sara L. Chenetz<br>Perkins Coie LLP<br>1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067 |
| Jason Frank Law, PLC<br>Scott Howard Sims<br>Frank Sims and Stolper LLP<br>19800 MacArthur Blvd., Suite 855<br>Irvine, CA 92612 | Brian Weiss, Receiver<br>c/o John P. Reitman<br>Landau Gottfried & Berger LLP<br>1801 Century Park East, Suite 700<br>Los Angeles, CA 90067 |