# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01644-VAP-KESx                       Date: March 21, 2019

Title: IN RE EAGAN AVENATTI, LLP

PRESENT:

    THE HONORABLE: VIRGINIA A. PHILLIPS, CHIEF U. S. DISTRICT JUDGE

| Beatrice Herrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      Order Partially Overruling Objections to Judgment Debtor Exam (Dkt. 61)

    A judgment debtor exam of Michael Avenatti, as representative of debtor Eagan Avenatti, LLP ("EA"), is set for Friday, March 22, 2019. The Court invited EA and/or Mr. Avenatti to file written objections setting forth (a) any argument that the exam should not proceed as scheduled for any reason, and (b) any argument as to why the entire exam, or any part of the exam, should not be conducted publicly. (Dkt. 60.) Mr. Avenatti, through counsel representing him personally, has now done so. (Dkt. 61.) As further explained below, the Court finds that the objections are not grounds for cancelling the exam, which shall proceed as scheduled.

    Mr. Avenatti's first objection is that the exam is unnecessary because the judgment creditor already has sufficient information about the relevant assets. He "infer[s]" that this exam will be "largely duplicative" with a recent judgment debtor exam conducted in state court, and he also notes that a receiver was recently appointed for EA. (Dkt. 61 at 2.) The Court notes that the order appointing that receiver—which Mr. Avenatti stipulated to—specifically contemplated a further judgment debtor exam. (Dkt. 53 at 2 ¶ 4.) Given this, Mr. Avenatti's speculation that the exam may be cumulative with the state court exam is not grounds for cancelling the exam entirely.

    Mr. Avenatti's second objection is that the exam should not be conducted publicly to avoid "dissemination of confidential, private, proprietary and/or privileged third-party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01644-VAP-KESx                              Date: March 21, 2019
                                                                                           Page 2

information." (Dkt. 61 at 3.) Generally, "a judgment debtor examination is a public proceeding" because "the public has an interest, in all civil cases, in observing and assessing the performance of its public judicial system…." Nebel v. Sulak, 73 Cal. App. 4th 1363, 1368-69 (1999) (relying on Cal. Code Civ. Proc. section 124 and quoting NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, 20 Cal. 4th 1178, 1212 (1999), which held that "the First Amendment provides a right of access to ordinary civil trials and proceedings"). Because Mr. Avenatti has not explained the nature of the information he seeks to keep private, he thus far has made an insufficient showing to overcome these authorities. To the extent he believes that information responsive to specific questions or lines of inquiry are privileged, he may so object at the exam. See generally Hooser v. Superior Court, 84 Cal. App. 4th 997, 1002-03 ("the judgment debtor generally is entitled to assert the same privileges that a trial witness may assert as a basis for refusing to answer questions or respond to requests for information put to him" pursuant to Cal. Code Civ. Proc. section 708.130(a)), disapproved on other grounds by Williams v. Superior Court, 3 Cal. 5th 531, 557 n.8 (2017).

Consistent with Federal Rule of Civil Procedure 5.2, Local Rule 5.2-1, and the Court's prior orders (Dkt. 30, 34), during the examination the parties shall refrain from stating the following information to the extent feasible:

(1) Full Social Security numbers (but may state the last four digits);

(2) Full taxpayer-identification numbers (but may state the last four digits);

(3) An individual's birthdate (but may state the year of birth);

(4) The name of an individual known to be a minor (but may state the minor's initials);

(5) Full financial-account numbers (but may state the last four digits);

(6) Full passport numbers (but may state the last four digits);

(7) Full driver's license numbers (but may state the last four digits);

(8) Full home addresses (but may state the city and state of the residence);

(9) E-mail addresses; and

(10) Phone numbers (but may state the last four digits).

The parties shall redact the above-listed information from any exhibits introduced during the examination. Notwithstanding the above, the exceptions discussed in the Federal Rule of Civil Procedure 5.2 and Local Rules 5.2-1 and 5.2-2 remain valid, if applicable.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01644-VAP-KESx     Date: March 21, 2019
                                     Page 3

     After the examination, if a party wishes to redact from the Court's transcript (as distinguished from any transcript prepared by a privately-retained Court Reporter) any personal identifiers (names of minors, birth dates, account numbers, etc.), then the party can complete and file a G-115 form.

Initials of Deputy Clerk   bh