Ronald S. Hodges – Bar No. 150586
James C. Bastian, Jr. – Bar No. 175415
Ryan D. O'Dea – Bar No. 273478
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:     (949) 340-3400
Facsimile:      (949) 340-3000
Email:           RHodges@shbllp.com

Attorneys for Interested Party,
Michael J. Avenatti

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor. | Case No. 8:18-cv-01644-VAP-KES<br><br>**REPLY IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENA AND/OR FOR PROTECTIVE ORDER**<br><br>DATE:    April 30, 2019<br>TIME:    10:00 a.m.<br>PLACE:  Courtroom 6D<br>              411 West 4th Street<br>              Santa Ana, CA 92701 |

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-500\1355321.1

1

REPLY IN SUPPORT OF MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

## I. ARGUMENT

Through the futile exercise of throwing mud at the wall and hoping some of it sticks, Judgment Creditor's[1] opposition attempts to distract from the undisputed – namely, the Third-Parties were not served with a copy of the Subpoena. Notwithstanding Judgment Creditor's uncontested failure to serve the Subpoena on the Third-Parties, Judgment Creditor asserts it was not required to provide notice of any kind to the Third-Parties. Such a holding would fly in the face of the Third-Parties' fundamental right to privacy, a right that would ring hollow if one is not permitted to protect the dissemination of its private and confidential financial information. See e.g. *Roberts v. Gulf Oil Corp.* (1983) 147 Cal. App. 3d 770, 795 ("Our holding above that Gulf does not have standing to assert a right to privacy under article I, section 1 of the California Constitution and does not have a right to privacy in a fundamental sense, <u>does not mean that Gulf does not retain a general right to privacy under the United States Constitution via some combination of the Fourth Amendment</u>…the Fourteenth Amendment's protection against arbitrary or unjustifiable state deprivations of liberty…and the Fifth Amendment…Although the 'right to be let alone – the most comprehensive of rights and the right most valued by civilized men…is not confined literally to searches and seizures as such, but extends as well to the orderly taking under compulsion of process…)(emphasis added). Based thereon, this Court should disregard Judgment Creditor's attempt to justify its failure to serve the Third-Parties with the Subpoena and grant the relief sought in the Motion.

As if Judgment Creditor's caviler disregard of procedure and due process were not enough, it attempts to justify the Subpoena by reference to purported information it received in connection with a subpoena served upon City National Bank (the "CNB Subpoena") – a copy of which is attached as **Exhibit 3** to its opposition. Importantly, and based upon the attendant proof of service, the CNB Subpoena was not served upon the judgment debtor, Avenatti, Avenatti's attorneys, or the Third-Parties. Judgment Creditor's failure to serve the CNB Subpoena upon any of the aforementioned individuals needs to be viewed for what it is: An improper and intentional

---

[1] All capitalized terms not otherwise defined in this Reply shall have the meaning ascribed to same in the Motion.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-500\1355321.1

2

**REPLY IN SUPPORT OF MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

litigation tactic directly contrary to the service requirements of Rule 45. Equity and notions of "fair play" dictate that Judgment Creditor should not be permitted to support the alleged propriety of the Subpoena with purported information it improperly received in connection with the CNB Subpoena.

In sum, the Motion should be granted because: (1) numerous third-parties to the above-captioned action were not served with a copy of the Subpoena despite the fact that the Subpoenas seek production of the aforementioned third-parties' privileged, private, and confidential financial information; and (2) the Subpoena is a thinly-veiled attempt to impermissibly obtain post-judgment third-party discovery. Therefore, Avenatti respectfully requests this Court to quash the Subpoena as it pertains to production of documents responsive to the Requests, or in the alternative, enter a protective order prohibiting Judgment Creditor from seeking documents responsive to the Requests unless and until it fully and completely complies with the requirements of an application and order for appearance and examination of the Third Parties.

///
///
///
///
///
///

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-500\1355321.1

3

REPLY IN SUPPORT OF MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

## II. CONCLUSION

Judy Regnier, Avenatti & Associates, APC, Global Baristas USA, LLC, Global Baristas, LLC, Passport 420, LLC, GB Autosport, LLC, and Doppio, Inc. were not served with the Subpoena and Judgment Creditor cannot meet its burden of establishing effective service because it did not occur. Furthermore, the Subpoena and Requests are a blatantly improper means of conducting post-judgment third-party discovery. Therefore, Avenatti requests an order providing any or all of the following relief: (1) quashing the Subpoena; and/or (2) entry of a protective order prohibiting Bank of America's production of third-party documents pursuant to the Subpoena.

SHULMAN HODGES & BASTIAN LLP

Dated: April 16, 2019   By: _/s/ Ryan D. O'Dea_____

Ronald S. Hodges
James C. Bastian, Jr.
Ryan D. O'Dea
Attorneys for Michael J. Avenatti

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-500\1355321.1

4

**REPLY IN SUPPORT OF MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

# PROOF OF SERVICE

**In re Eagan Avenatti, LLP**
**8:18-cv-01644-VAP-KES**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

On April 16, 2019, I served true copies of the following document(s) described as **REPLY IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENA AND/OR FOR PROTECTIVE ORDER** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Shulman Hodges & Bastian LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Irvine, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 16, 2019, at Irvine, California.

                                                /s/ Lori Gauthier
                                                Lori Gauthier

In re Eagan Avenatti, LLP
8:18-cv-01644-VAP-KES

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**

- 
- **Michael J Avenatti**
  mavenatti@eaganavenatti.com,mavenatti@eoalaw.com,jregnier@eaganavenatti.com
- **Sara L Chenetz**
  schenetz@perkinscoie.com
- **Ronald S Hodges**
  rhodges@shbllp.com,bbailey@shbllp.com
- **Ryan Daniel O'Dea**
  rodea@shbllp.com,lgauthier@shbllp.com,sswartzell@shbllp.com
- **James R Selth**
  jim@wsrlaw.net
- **Leonard M Shulman**
  lshulman@shbllp.com
- **Scott Howard Sims**
  ssims@lawfss.com,mnowowiejski@lawfss.com
- **Andrew D Stolper**
  astolper@lawfss.com,mnowowiejski@lawfss.com,astolper@ecf.courtdrive.com

**VIA OVERNIGHT MAIL/Federal Express:**

Chambers of Honorable Karen E Scott
Magistrate Judge
Ronald Reagan Federal Bldg./Courthouse
411 West Fourth Street, Drop Box, 6th Floor
Santa Ana, CA 92701-4516

**VIA FIRST-CLASS MAIL:**

Brian Weiss (Receiver)
Force 10 Partners
20341 SW Birch Street, Suite 220
Newport Beach, CA 92660

John P. Reitman
Jack A. Reitman
Attorneys for Brian Weiss
Landau Gottfried & Berger
1801 Century Park East, Suite 700
Los Angeles, CA 90067