# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01644-VAP-KESx          Date:  April 18, 2019

Title: IN RE EAGAN AVENATTI, LLP

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Denise Vo | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     Order Denying Judgment Debtor's Motion to Quash Subpoena (Dkt. 66)

## I.     INTRODUCTION

Interested party Michael J. Avenatti ("Avenatti") moved to quash a subpoena for documents served on Bank of America, N.A. ("BOA") by Judgment Creditor Jason Frank Law, PLC ("JFL") to aid in the collection of JFL's judgment against Judgment Debtor Eagan Avenatti, LLP ("EA").  (Dkt. 66 [the "Motion"]; Dkt. 66 at 16-82 [the "Subpoena"].)  JFL opposed the Motion (Dkt. 70 ["Opp'n"]), and Avenatti filed a reply (Dkt. 71 ["Reply"]).

Generally, the subpoena seeks bank records for accounts for (1) Avenatti, or for which Avenatti has signing authority, (2) which Judy Regnier (EA's business manager) has signing authority, (3) EA, (4) Avenatti & Associates, APC, (4) entities that own a coffee company controlled by Avenatti: Global Baristas USA, LLC, Global Baristas, LLC, and Doppio, Inc., (5) a racing company controlled by Avenatti: GB Autosport LLC, and (6) the company that owns Avenatti's private plane: Passport 420 LLC.  Avenatti's Reply does not dispute that these are entities owned or controlled by Avenatti.

The Motion argues that the Subpoena should be quashed because: (1) it seeks "privileged, private, and confidential financial information" from third parties; and (2) it does not comply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01644-VAP-KESx                                                           Date: April 18, 2019
                                                                                                              Page 2

with rules governing service, including California Code of Civil Procedure sections 708.210 and 491.110.  (Mot. at 2.)[1]

### II.   LEGAL STANDARDS FOR POST-JUDGMENT DISCOVERY

"In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from *any person*—including the judgment debtor—as provided in these rules *or* by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2) (emphasis added).  "When conducting post-judgment discovery, … judgment creditors can rely on either state or federal law." Pabban Dev., Inc. v. Sarl, No. 10-cv-00533-BRO-RNBx, 2015 WL 12731928 at *3 (C.D. Cal. Mar. 10, 2015) (distinguishing between post-judgment discovery under Rule 69(a)(2) and "executions methods and procedures," which must comply with state law under Rule 69(a)(1)).

"[I]n aid of execution on a judgment, all discovery procedures provided in the [federal] rules are available and not just discovery via the taking of a deposition." Advisory Committee Notes to the 1970 Amendment of Fed. R. Civ. P. 69.  Accordingly, judgment creditors may issue subpoenas for records from non-parties. See Cal. Civ. Proc. Code § 1985 et seq.; Fed. R. Civ. P. 26, 45; see also Entrepreneur Media, Inc. v. Smith, 2011 U.S. Dist. LEXIS 102708, 2011 WL 9195047 (E.D. Cal. Sep. 12, 2011) (denying motion to quash post-judgment subpoena for bank records).  "The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" Republic of Arg. v. NML Capital, Ltd., 573 U.S. 134, 139 (2014) (quoting Fed. R. Civ. P. 26(b)(1) in the context of post-judgment subpoenas directed at banks).

### III.  DISCUSSION

#### A.   Service Requirements

Avenatti contends that JFL was required to give notice under California Code of Civil Procedure section 2025.240 to each third party whose bank records are sought via the Subpoena. (Mot. at 7.)  This Court has already ruled that section 2025.240—which requires such notice if a subpoena seeks production of the "personal records of a consumer" as defined in sections 1985.3 and 1985.6—is a procedural requirement of state court that does not apply to a subpoena issued under federal law.  (See Dkt. 27 at 17-18 [Court's oral ruling at the November 28, 2018 hearing that these consumer protection statutes are inapplicable because the subpoena was issued

---

[1] All page numbers refer to the pagination imposed by the Court's electronic filing system, CM/ECF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01644-VAP-KESx                                                                    Date: April 18, 2019
                                                                                                                    Page 3

pursuant to federal law].)  The present subpoena, like the prior subpoena directed at Avenatti personally, was issued under Federal Rule of Civil Procedure 45.  (See Subpoena at 16-18.)

Avenatti also contends that "due process" required JFL to serve the Subpoena on each third party.  He cites no authority to support this argument.  (Mot. at 6-7.)  The Court sees no fundamental unfairness in the procedures employed by JFL.  The Subpoena was served on Avenatti and his attorneys as well as EA's receiver.  (Id. at 31.)  This sufficiently gave notice to the third parties, all of whom are either controlled by Avenatti or, in the case of Regnier, employed by EA.

### B.   Affidavits Supporting Applications for Third-Party Examinations

Avenatti argues that the document requests "are improperly contained within a standard United States District Court subpoena form, rather than being contained within a freestanding Application and Order for Appearance and Examination of a third person" and being accompanied by an affidavit.  (Mot. at 8.)  Avenatti argues that this violates California Code of Civil Procedure sections 491.110, which governs ex parte applications for attachment, and 708.120, which governs in-court third-party examinations in furtherance of judgment collection.  (Id.)

Neither of the cited California statutes apply, because JFL does not seek an order to compel BOA to come to court and testify concerning EA's assets.  Moreover, as discussed elsewhere in this order, these California procedural rules do not apply to the present the subpoena because it was issued under federal law.

### C.   Privacy

Avenatti contends that the records should be "shielded from discovery" under the privacy rights guaranteed by the California constitution.  (Mot. at 6, 9.)  This Court previously discussed the balancing test governing the production of assertedly private materials.  (Dkt. 27 at 19-20 [Court's oral ruling at the November 28, 2018 hearing].)  See generally Littlefield v. NutriBullet, L.L.C., No. 16-cv-6894-MWF-SSx, 2018 WL 5264148 at *6 (C.D. Cal. Jan. 22, 2018) ("Because the corporate privacy right is not constitutionally protected, determining whether a discovery request infringe[s] that right is resolved by a balancing test.  The discovery's relevance to the subject matter of the pending dispute … is balanced against the corporate right of privacy. … Doubts about relevance generally are resolved in favor of permitting discovery.") (citations and quotation marks omitted); Warshawer v. Tarnutzer, No. C14-1042 RSM, 2016 WL 4496893 at *3 (W.D. Wash. Feb. 1, 2016) ("[U]nder California law, a court may allow discovery of private financial records from a bank, after carefully balanc[ing] the right of civil litigants to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01644-VAP-KESx  Date: April 18, 2019
Page 4

discover relevant facts, on the one hand, with the right of bank customers to maintain reasonable privacy regarding their financial affairs, on the other.") (citation and quotation marks omitted).

JFL explains that the subpoenaed bank records will assist in locating EA's assets, because they will likely "demonstrate that Avenatti has been transferring EA's assets to the bank accounts of Avenatti's various corporate entities." (Opp'n at 4.) JFL already obtained documents via subpoena from City National Bank, which JFL contends show that—in violation of a bankruptcy court order—checks from EA client Medline were deposited into an account in the name of "Avenatti LLP," for which Avenatti and Regnier had signing authority. (Id. at 5.) On these facts, the Court finds that JFL's interest in collecting its judgment outweighs the privacy interests of the subpoenaed entities and Regnier, all of whom are either controlled by Avenatti or employed by EA.

The Motion argues that the Court should issue a protective order to protect the non-parties' privacy rights, but Avenatti failed to lodge a proposed order identifying the specific protective terms sought. See Local Rule 7-20 ("A separate proposed order shall be lodged with any motion or application requiring an order of the Court …."). The Motion does not discuss the protective order that was already entered in this case. (Dkt. 30.) That order allows non-parties such as BOA to designate documents produced in response to post-judgment discovery "confidential," at which point the documents qualify for the protections specified in the order. (Id. at 10 ¶ 9.) As discussed below, the documents will be treated as confidential under the existing protective order, which is sufficient to protect the privacy interests involved.

IV.  **CONCLUSION**

The motion to quash (Dkt. 66) is DENIED.

All documents produced by BOA in response to the Subpoena should be treated as "confidential" under the existing protective order. If any party or non-party believes that a document should not be designated confidential, that party or non-party may utilize the procedure outlined in paragraph 6 of the protective order for challenging confidentiality designations. (Dkt. 30 at 6-7.)

Notwithstanding these confidentiality designations, JFL and Avenatti, or Regnier (as applicable), may stipulate to the public filing of any document produced in response to the Subpoena.

If JFL intends to publicly file a redacted version of any document produced in response to the Subpoena, then JFL shall meet and confer with Avenatti or Regnier (as applicable) to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01644-VAP-KESx　　　　　　　　　　　　　　　　Date: April 18, 2019
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

determine if the proposed redactions (such as account numbers, unrelated transactions, etc.) would sufficiently protect any privacy interests asserted.