Scott H. Sims, State Bar No. 234148
Andrew D. Stolper, State Bar No. 205462
FRANK SIMS & STOLPER LLP
19800 MacArthur Boulevard, Suite 855
Irvine, California 92612
Telephone: (949) 201-2400
Facsimile: (949) 201-2401
astolper@lawfss.com
ssims@lawfss.com

Attorneys for Judgment Creditor
JASON FRANK LAW, PLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No.  8:18-cv-01644-VAP-KES |
| EAGAN AVENATTI, LLP, | The Hon. Karen E. Scott |
| Debtor. | **JUDGMENT CREDITOR JASON FRANK LAW, PLC'S NOTICE OF MOTION AND MOTION TO COMPEL BIENERT KATZMAN PC TO COMPLY WITH SUBPOENA; DECLARATION OF JASON M. FRANK IN SUPPORT THEREOF** |
| | (*[Proposed] Order filed concurrently herewith*) |
| | Date:        May 28, 2019<br>Time:        10:00 a.m.<br>Courtroom:  6D |

MOTION TO COMPEL BIENERT KATZMAN PC
TO COMPLY WITH SUBPOENA

**TO THE COURT AND TO THE PARTIES AND THEIR ATTORNEYS OF RECORD AND THIRD-PARTY BIENERT KATZMAN PC AND ITS ATTORNEYS:**

**PLEASE TAKE NOTICE** that on May 28, 2019 at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 6D of the Santa Ana division of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701,

Judgment Creditor Jason Frank Law, PLC ("JFL") will, and hereby does, move this Court for an order compelling third-party Bienert Katzman PC ("Bienert") to comply with the subpoena attached to the Declaration of Jason M. Frank ("Frank Decl.") as Exhibit A (the "Subpoena"). Bienert appeared as counsel for Michael Avenatti ("Avenatti") at his pre-indictment arraignment in the Central District of California.

This application is made pursuant to Central District Local Rule 7-3 and Federal Rules of Civil Procedure Rules 34, 45 and 69(a) on the grounds that:

On April 2, 2019, JFL properly served a subpoena on Bienert requiring Bienert to produce "[a]ll checks, wire transfers or other documents reflecting any payments or retainers [Bienert] has received related to its representation of Michael J. Avenatti." (Frank Decl., Ex. A.)

On April 15, 2019, Bienert served objections to the subpoena on the grounds that (a) the documents are protected by the attorney-client privilege; (b) engagement agreements are privileged from discovery under California law; and (c) the Fifth Amendment of the U.S. Constitution precludes their production. (Frank Decl., Ex. B.) Based on the foregoing, Bienert refused to produce any documents. (Id.)

Bienert's objections are without merit:

The Ninth Circuit has consistently held that "the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee and who paid it do not come within the privilege of attorney-client relationship." In re Michaelson,

1  511 F.2d 882, 888 (9th Cir. 1975).

2      Further, "[t]he client's Fifth Amendment privilege is not violated by

3  enforcement of a subpoena directed towards his attorney." Beckler v. Sup. Ct., 568

4  F.2d 661, 662 (9th Cir. 1978).

5      For these reasons, the Ninth Circuit held that compelling an attorney to

6  disclose his fee arrangement with his client and who is paying the fees does not

7  violate a client's Fifth Amendment privilege against self-incrimination.  Michaelson,

8  511 F.2d at 889.

9      In addition, this Court has already held federal privilege law and not California

10  law applies to this case, and fee agreements are properly the subject of discovery in

11  these post-judgment collection proceedings.  (Frank Decl., Ex. C at 19:15 – 20:13.)

12      The purpose of the Subpoena is to determine whether Avenatti is paying

13  Bienert with funds that properly belong to Judgment Debtor Eagan Avenatti LLP

14  ("EA") and which should be made available to satisfy JFL's judgment.  JFL has

15  already uncovered evidence of Avenatti using EA's funds to pay for his divorce

16  attorney, among other personal expenses.  (Frank Decl., Exs. E-G.)  Thus, there is a

17  good faith basis to believe that Avenatti is similarly using EA property to pay for

18  Bienert's services.

19      Pursuant to Local Rule 7-3, on April 24, 2019 counsel for JFL met and

20  conferred with Michael Williams and Ali Matin, counsel for Bienert.  Counsel for

21  Bienert indicated that they were serving the objection at the direction of Avenatti and

22  are requiring JFL to file a motion to compel so Avenatti will have the opportunity to

23  oppose the subpoena.

24  Dated:  April 29, 2019              FRANK SIMS & STOLPER LLP

25

26              _____/s/ Scott H. Sims_____
              Scott H. Sims
27              Andrew D. Stolper
              Attorneys for Judgment Creditor,
28              JASON FRANK LAW, PLC

-3-              MOTION TO COMPEL BIENERT KATZMAN
              LLP TO COMPLY WITH SUBPOENA

# **TABLE OF CONTENTS**

I.   INTRODUCTION. ............................................................. 6

II.  THIS APPLICATION SHOULD BE GRANTED ......................................... 8

     A.   The Relevant Legal Standards. ........................................... 8

     B.   Bienert's Objections Are Without Merit. ............................... 8

III. CONCLUSION ............................................................. 11

MOTION TO COMPEL BIENERT KATZMAN PC
TO COMPLY WITH SUBPOENA

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Beckler v. Sup. Ct.,
    568 F.2d 661 (9th Cir. 1978) ............................................................. 7, 10

Internet Direct Response, Inc. v. Buckley,
    2010 WL 1752181 (C.D. Cal. Apr. 29, 2010)................................... 8, 11

Johnson v. United States,
    228 U.S. 457 (1913) .................................................................................. 10

In re Michaelson,
    511 F.2d 882 (9th Cir. 1975)................................................. 7, 9, 10, 11

**Federal Statutes**

FRCP 36.......................................................................................................... 8

FRCP 45.......................................................................................................... 8

FRCP 69.......................................................................................................... 8

FRCP (a)(2)..................................................................................................... 8

MOTION TO COMPEL BIENERT KATZMAN PC
TO COMPLY WITH SUBPOENA

## I.    INTRODUCTION

On April 2, 2019, Judgment Creditor Jason Frank Law, PLC ("JFL") properly served a subpoena (the "Subpoena") on Bienert Katzman PC ("Bienert") requiring Bienert to produce "[a]ll checks, wire transfers or other documents reflecting any payments or retainers [Bienert] has received related to its representation of Michael J. Avenatti."  (Declaration of Jason M. Frank ("Frank Decl."), Ex. A.)  Bienert is representing Michael Avenatti ("Avenatti") in connection with the recent criminal indictment filed in the United States District Court, Central District of California, Southern Division, Case No. SACR19-00061-JVS.[1]

On April 15, 2019, Bienert served objections to the Subpoena on the grounds that (a) the documents are purportedly protected by the attorney-client privilege; (b) the firm's engagement agreements with Avenatti are privileged from discovery under California law; and (c) the Fifth Amendment of the U.S. Constitution precludes their production. (Frank Decl., Ex. B.)  Bienert further objected to the extent the Subpoena requested invoices and descriptions of the worked performed by Bienert on Avenatti's behalf.  (Id.)  Based on the foregoing, Bienert refused to produce any documents. (Id.)

On April 16, 2019, counsel for JFL sent a meet and confer correspondence confirming that JFL is only seeking (a) Bienert's retainer agreement with Avenatti; (b) any other agreements Bienert has with Avenatti or any third party to pay for Bienert's representation of Avenatti; and (c) the payment documents (i.e., wires, checks or similar documents) reflecting payments or retainers made on Avenatti's behalf so that JFL may determine the source of the funds.  (Frank Decl., Ex. D.)  JFL is not seeking time sheets or invoice entries detailing Bienert's work for Avenatti, or attorney-client communications.  (Id.)

---

[1] Bienert represented Avenatti at the pre-indictment arraignment held on April 1, 2019.  (Frank Decl., ¶ 2.)

MOTION TO COMPEL BIENERT KATZMAN PC
TO COMPLY WITH SUBPOENA

Bienert's objections to the Subpoena are without merit:

- The Ninth Circuit has consistently held that "the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee and who paid it do not come within the privilege of attorney-client relationship." <u>In re Michaelson</u>, 511 F.2d 882, 888 (9th Cir. 1975).

- Further, "[t]he client's Fifth Amendment privilege is not violated by enforcement of a subpoena directed towards his attorney." <u>Beckler v. Sup. Ct.</u>, 568 F.2d 661, 662 (9th Cir. 1978) (citing <u>Fisher v. U.S.</u>, 425 U.S. 391, 96 S.Ct. 1569, 1574 (1976).

- For these reasons, the Ninth Circuit held that compelling an attorney to disclose his fee arrangement with his client and who is paying the fees does not violate a client's Fifth Amendment privilege against self-incrimination. <u>Michaelson</u>, 511 F.2d at 889.

- In addition, this Court has already overruled Avenatti's objections to production of fee agreements based on Avenatti's contention that such agreements are privileged under California privacy law. (Frank Decl., Ex. C at 19:15 – 20:13.)

In sum, Bienert does not have any valid grounds to refuse to respond to the Subpoena.

The purpose of the Subpoena is to determine whether Avenatti is paying Bienert with funds that properly belong to Judgment Debtor Eagan Avenatti LLP ("EA") and which should be made available to satisfy JFL's judgment. JFL has already uncovered evidence of Avenatti using EA's funds to pay for his divorce attorney, among other personal expenses. (Doc. 70, pp. 12-15; Frank Decl., Exs. E - G.) Thus, there is a good faith basis to believe that Avenatti is similarly using EA property to pay for Bienert's services.

MOTION TO COMPEL BIENERT KATZMAN PC
TO COMPLY WITH SUBPOENA

1    For the foregoing reasons, JFL requests the Court grant this application and

2    compel Bienert to immediately produce the records responsive to the Subpoena.

3    **II.    THIS APPLICATION SHOULD BE GRANTED**

4         **A.    The Relevant Legal Standards.**

5    Federal Rule of Civil Procedure 69(a)(2) governs discovery in judgment

6    enforcement proceedings and provides that a judgment creditor "may obtain

7    discovery from *any person* - including the judgment debtor - as provided in these

8    rules or by the procedure of the state where the court is located." Internet Direct

9    Response, Inc. v. Buckley, 2010 WL 1752181, at *2 (C.D. Cal. Apr. 29, 2010). "The

10   presumption should be in favor of full discovery of any matters arguably related to

11   the [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce the

12   judgment." Id. (quoting Credit Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428, 430–

13   31 (8th Cir.1998).)  Accordingly, pursuant to FRCP 36 and 45, a judgment creditor

14   may serve subpoenas on third-parties requesting documents related to its efforts to

15   enforce the judgment.  Id.  Further, in actions to enforce a judgment in federal court

16   under FRCP 69, federal common law regarding privilege applies, not state law.  Id.

17   at *5 (citing Heathman v. United States District Court, 503 F.2d 1032 (9th Cir. 1974).)

18        **B.    Bienert's Objections Are Without Merit.**

19   As noted above, the Subpoena simply calls for the production of "[a]ll checks,

20   wire transfers or other documents reflecting any payments or retainers [Bienert] has

21   received related to its representation of Michael J. Avenatti." (Frank Decl., Ex. A.)

22   Bienert has objected on the grounds that (a) the documents are purportedly protected

23   by the attorney-client privilege; (b) the firm's engagement agreements with Avenatti

24   are privileged from discovery under California law; and (c) the Fifth Amendment of

25   the U.S. Constitution precludes their production.  (Frank Decl., Ex. B.)  These

26   objections are without merit.

27

28

MOTION TO COMPEL BIENERT KATZMAN
LLP TO COMPLY WITH SUBPOENA

*First*, the Ninth Circuit has consistently held that "the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee and who paid it do not come within the privilege of attorney-client relationship." In re Michaelson, 511 F.2d 882, 888 (9th Cir. 1975).  JFL confirmed during the meet and confer process that the Subpoena was limited to this information and JFL was not seeking descriptions of the work performed by Bienert or attorney-client communications.  (Frank Decl., Ex. Ds.)  JFL simply wants to know the bank accounts and sources of funds that have been or will be paid to Bienert to represent Avenatti so JFL can determine whether Avenatti is improperly using EA's assets to pay for Bienert's services.  There is good cause for such discovery because Avenatti has already been caught using EA's assets to pay for his personal divorce attorney – as detailed in JFL's Opposition to Avenatti's Motion to Quash Bank of America Subpoena. (Doc. 70 at 12-15; Frank Decl., Exs. E-G.)  As such, Bienert's objections based on the attorney-client privilege are without merit.

*Second*, the Ninth Circuit has previously rejected the same assertion of a Fifth Amendment Privilege as the one asserted by Bienert.  Michaelson, 511 F.2d at 889-91.  In Michaelson, an attorney asserted the Fifth Amendment privilege when refusing to answer questions regarding, *inter alia* (a) the terms of his fee agreement with his client, (b) how much money he received from the client, (c) whether the attorney received money from any other persons to represent the client, and (d) whether the attorney had any fee arrangements with third parties concerning the client's representation.  Id. at 886.  The district court issued contempt sanctions against the attorney for his refusal to answer these questions and the Ninth Circuit affirmed.

The Ninth Circuit explained that "the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee and who paid it do not come within the privilege of attorney-client relationship." Michaelson, 511 F.2d

at 888.  The Ninth Circuit further explained that "the Fifth Amendment privilege is a personal privilege: it adheres basically to the person, not to information that may incriminate him."  Michaelson, 511 F.2d at 889.  Or, as Justice Holmes stated, "[a] party is privileged from producing the evidence but not from its production." Johnson v. United States, 228 U.S. 457, 457 (1913).  Consequently, the Ninth Circuit held as follows:

> The fee information requested in this instance is not a privileged professional communication between lawyer and client in which the client has a legitimate expectation of privacy.  Furthermore, the compulsion of this contempt order is directed not at compelling [the client] to testify, but rather against [the attorney.] . . . **We hold today that no Fourth or Fifth Amendment claim can prevail where, as in this case, there exists no legitimate expectation of privacy and no semblance of government compulsion against the person of the accused**.

Michaelson, 511 F.2d at 889 (emphasis added) (citations omitted).[2]  This is in accord with other Ninth Circuit authority holding that a "client's Fifth Amendment privilege is not violated by enforcement of a subpoena directed toward his attorney."  Beckler v. Sup. Ct., 568 F.2d 661, 662 (9th Cir. 1978) (citing Fisher v. U.S., 425 U.S. 391, 96 S.Ct. 1569, 1574 (1976).)  This is because compelling an attorney to produce documents is not the same as compelling a client to testify against himself, especially where, as here, there is no legitimate expectation of privacy regarding a client's payments to his attorney.  Id.; Michaelson, 511 F.2d at 899.

*Third*, this Court has already rejected the argument that retainer agreements are absolutely privileged from production in this case.  (Frank Decl., Ex. C at 19:15

---

[2] The Ninth Circuit also noted the client had been granted qualified immunity and this provided an alternative ground to uphold the contempt order.  Michaelson, 511 F.2d at 890-92.  However, this was a *separate* ground for the decision and did not affect the Ninth Circuit's earlier conclusion that the Fifth Amendment simply did not apply in these circumstances.

MOTION TO COMPEL BIENERT KATZMAN
LLP TO COMPLY WITH SUBPOENA

– 20:13).  The Court correctly found that federal law, not California law, applies to this case because it involves a federal judgment.  Id.; Internet Direct Response, 2010 WL 1752181 at *5.  As the Court held when overruling Avenatti's objection to produce client retainer agreements:

> Under Federal privilege law, there's not an absolute privilege for fee agreements or retainer agreements or tax returns but rather there's a balancing that the Court engages in in order to serve some of the public interests that are served by affording those kinds of documents some protection and yet still serving the public interests that are at stake here in this judgment collection proceeding.  When the Court considers the nature of the relationship of the parties, the nature of this particular dispute, and the fact that documents can be produced here on a confidential basis, it seems that that's a sufficient tipping of the scales in favor of production, again with the understanding that those documents can be labeled as confidential in the discovery process.

(Frank Decl., Ex. C at 19:25 – 20:13.)  In sum, Bienert's objections should be overruled and Bienert should be compelled to produce the records responsive to the Subpoena.

## III.   CONCLUSION

For the foregoing reasons, JFL requests the Court grant this Motion.


Dated:  April 29, 2019                          FRANK SIMS & STOLPER LLP


                                                _____/s/ Scott H. Sims_____
                                                Scott H. Sims
                                                Andrew D. Stolper
                                                Attorneys for Judgment Creditor,
                                                JASON FRANK LAW, PLC

MOTION TO COMPEL BIENERT KATZMAN
LLP TO COMPLY WITH SUBPOENA

# DECLARATION OF JASON M. FRANK

I, JASON M. FRANK, declare as follows:

1.      I am a partner at Frank Sims & Stolper, LLP ("FSS") counsel of record for judgment creditor Jason Frank Law, PLC ("JFL").  I am also the owner of JFL.  I am admitted to practice law before all federal and state courts in the State of California, and I am a member in good standing of the State Bar of California.  I have personal knowledge of the facts set forth herein, unless stated on information and belief, and if called as a witness, I could and would competently testify thereto.

2.      Attached as **Exhibit A** is a true and correct copy of the subpoena my office served on Bienert Katzman PC ("Bienert") on or about April 2, 2019 (the "Subpoena").  Bienert appeared as Avenatti's counsel at Avenatti's pre-indictment arraignment on April 1, 2019.

3.      Attached as **Exhibit B** are Bienert's objections to the Subpoena.

4.      Attached as **Exhibit C** is the transcript from the Court's November 28, 2018 hearing on Avenatti's Motion for a Protective Order.

5.      Attached as **Exhibit D** is an email correspondence sent by my attorney Scott H. Sims to counsel for Bienert on April 16, 2019 in response to Bienert's objections.  The email, among other things,  clarified that JFL is only seeking (a) Bienert's retainer agreement with Avenatti; (b) any other agreements Bienert has with Avenatti or any third party to pay for Bienert's representation of Avenatti; and (c) the payment documents (i.e., wires, checks or similar documents) reflecting payments or retainers made on Avenatti's behalf so that JFL may determine the source of the funds. (Frank Decl., Ex. D.)  JFL is not seeking time sheets or invoice entries detailing Bienert's work for Avenatti, or attorney-client communications. (Id.)

MOTION TO COMPEL BIENERT KATZMAN PC
TO COMPLY WITH SUBPOENA

6.      Attached as **Exhibit E** are five checks from Medline Industries, Inc. ("Medline") which were deposited into the Avenatti LLP account for a total of $231,982.00. These checks were produced by City National Bank ("CNB") in response to a subpoena on or about April 1, 2019. JFL was required to subpoena these documents directly from the bank because Avenatti refused to comply with this Court's November 28, 2018 order to produce his and his entities' bank records, among other documents. The Court will note that these Medline checks are dated on or after November 28, 2018.

7.      Attached as **Exhibit E** are outgoing checks and wires from the Avenatti LLP account produced by CNB reflecting personal payments that Avenatti made from the Medline money including his rent at the Ten Thousand building ($69,118.50) and his divorce attorney Stegmeier Gelbert ($10,000), among other personal expenses.

8.      After receiving the CNB bank records, I immediately notified the Receiver, Brian Weiss of the location of the Medline checks. Weiss later informed me that Medline had sent his counsel various emails between EA office manager, Judy Regnier, and Medline evidencing Avenatti and Regnier instructing Medline to change the names on the checks from Eagan Avenatti LLP to Avenatti LLP and to send the checks to Regnier's personal address in Yorba Linda, California. Attached as **Exhibit F** are copies of email threads evidencing Avenatti and Regnier's instructions to Medline to change the name of the payee and address of the checks, including images of Avenatti and Regnier destroying an EA check so it can be made out to Avenatti LLP.

9.      Pursuant to Local Rule 7-3 and the direction of this Court, on April 24, 2019, my partner, Scott Sims and I met and conferred telephonically with Michael Williams and Ali Matin, counsel for Bienert. Counsel for Bienert indicated they are asserting the objections at the request of Avenatti and requiring JFL to file a Motion to Compel so that Avenatti has the opportunity to oppose the production.

MOTION TO COMPEL BIENERT KATZMAN
LLP TO COMPLY WITH SUBPOENA

1       I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing this true and correct.  Executed this 29th day of April

3  2019.

4

5                                         */s/ Jason M. Frank*
                                       JASON M. FRANK

MOTION TO COMPEL BIENERT KATZMAN
LLP TO COMPLY WITH SUBPOENA