# Exhibit C

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                    SOUTHERN DIVISION - SANTA ANA
```

```
                              ) CASE NO: 8:18-CV-01644-VAP-KESx
IN RE:                        )
                              )            CIVIL
                              )
    EAGAN AVENATTI, LLP.      )    Santa Ana, California
                              )
                              )    Wednesday, November 28, 2018
                              )      (10:01 a.m. to 10:41 a.m.)
```

### HEARING RE: MOTION FOR PROTECTIVE ORDER

BEFORE THE HONORABLE KAREN E. SCOTT,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For Plaintiff: | SCOTT H. SIMS, ESQ.<br>Frank Sims & Stolper<br>19800 MacArthur Blvd., Suite 855<br>Irvine, CA 92612 |
| For Defendant: | MICHAEL AVENATTI, ESQ. (via phone) |
| Court Reporter: | Recorded; CourtSmart |
| Courtroom Deputy: | Jazmin Dorado |
| Transcribed by: | Exceptional Reporting Services, Inc.<br>P.O. Box 18668<br>Corpus Christi, TX 78480-8668<br>361 949-2988 |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1   again here I believe that the judgment creditor has given us
2   information that the IOLTA accounts may be being used to
3   facility financial transactions that do involve assets of the
4   judgment debtor, and so understanding the other financial
5   records that may be produced, that this may provide a missing
6   piece of the picture.  And even if there's not -- you know this
7   is not necessarily an allegation of any wrongdoing as to the
8   use of the IOLTA account, but just in order to understand and
9   be able to follow the trails of funds as they are being
10  transferred between certain accounts without kind of being like
11  a bloodhound coming up at the end of the stream and losing the
12  trail, that that's a sufficient relevancy to be able to
13  investigate and conduct discovery into those particular
14  accounts.
15          With regard to the other privileges that have been
16  asserted, the Court is persuaded by the briefing that was in
17  the opposition to the motion for protective order that
18  established that the Federal privilege law would apply here.
19  This is ultimately a proceeding to enforce the judgment that
20  was entered in Federal Court in a bankruptcy proceeding that
21  was in Federal Court because of the exclusive jurisdiction of
22  the Bankruptcy Court over bankruptcy matters.  And so the Court
23  would apply Federal privilege law in deciding whether certain
24  matters were privileged and therefore excluded from the scope
25  of what was discoverable.  Under Federal privilege law, there's

1  not an absolute privilege for fee agreements or retainer
2  agreements or tax returns but rather there's a balancing that
3  the Court engages in in order to serve some of the public
4  interests that are served by affording those kinds of documents
5  some protection and yet still serving the public interests that
6  are at stake here in this judgment collection proceeding.  When
7  the Court considers the nature of the relationship of the
8  parties, the nature of this particular dispute, and the fact
9  that documents can be produced here on a confidential basis, it
10 seems that that's a sufficient tipping of the scales in favor
11 of production, again with the understanding that those
12 documents can be labeled as confidential in the discovery
13 process.
14         So with that, it appears to the Court that the
15 appropriate production would be to respond to each of the
16 categories in the subpoena consistent with the limitations that
17 are stated in the judgment creditor's status report filed on
18 11/26, and that if there are any documents that are going to be
19 either redacted or withheld on the basis of a privilege, then
20 the judgment debtor would need to provide a privilege log
21 describing what was redacted or withheld and the particular
22 privilege that was asserted as the basis for that; recognizing
23 again that the privilege log would be subject to the
24 limitations described in the judgment creditor's status report
25 because there were certain matters that the judgment creditor

28

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    November 30, 2018
          Signed                                         Dated

*TONI HUDSON, TRANSCRIBER*