BRIAN WEISS
Court Appointed Receiver
Force Ten Partners, LLC
20341 S.W. Birch Street, Suite 220
Newport Beach, CA 92660
Tel: 949-357-2368
Email: bweiss@force10partners.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| In re | Case No. 8:18-CV-01644-VAP-KES |
|---|---|
| EAGAN AVENATTI, LLP | **RECEIVER'S SECOND INTERIM REPORT** |
| Debtor | Date:   No Hearing Required<br>Time:<br>Place: |

Pursuant to the Joint Stipulation between Judgment Debtor Eagan Avenatti, LLP ("EA") and Michael Avenatti ("Avenatti") and Judgment Creditor Jason Frank Law ("JFL"), on February 13, 2019, I (Brian Weiss) was appointed as the Receiver of EA (the "Appointment Order") [Docket No. 53]. This is my report for the period ended April 30, 2019.

The purpose of this report is to provide:

- A narrative of material events;
- A financial report;
- An accounting of the income and expenses incurred in the administration of EA, including the Receiver's fees and expenses.

**Efforts by the Receiver to Identify, Quantify and Recover Assets and Material Events**

- EA's existing Litigation cases – identify, filing of notices/liens, transition, obstacles from Avenatti;
- Avenatti's non-compliance with Receivership order;
- Moved to replace EA and Avenatti as class counsel in *Bahamas Surgery Center, LLC v. Kimberly Clark, et al.* My motion and a similar motion filed by counsel closely associated with Avenatti remain pending;
- Without any notice to me, Avenatti apparently encouraged EA clients to transfer their active cases to an attorney formerly employed by EA;
- Engaged Landau Gottfried & Berger LLP ("LGB") on a contingency fee basis to pursue fraudulent transfer recovery claims under applicable State laws;
- Performed extensive analyses of EA banking transactions and identified approximately fifty parties that may have received fraudulent transfers;
- Identified an undisclosed off-site storage facility containing EA office furniture and computers. In May 2019, I plan to file a motion to authorize the sale of these assets, as well as art work held in another storage facility (Avenatti's

1

**RECEIVER'S SECOND INTERIM REPORT**

former spouse (Lisa Storie-Avenatti) claims an ownership interest in at least some of the art work);

- Investigated and confirmed Avenatti's diversion of Medline (an EA client) payments from EA to Avenatti, LLP (in so doing, Avenatti used EA's federal tax payer identification number for Avenatti, LLP);

- In March 2019, Avenatti was named in a Federal Grand Jury Indictment in New York (for attempted extortion).  On May 11, 2019, Avenatti was named in an additional Federal Grand Jury Indictment in Southern California (on 36 counts including embezzlement (of client funds), wire fraud, tax evasion, bankruptcy fraud and bank fraud);

- Worked with counsel for former clients of EA who have accused Avenatti of wrongfully diverting client funds to investigate facts and attempt to reach agreement as to amounts owed;

- Despite numerous requests by me and in violation of the Appointment Order, Avenatti failed to turn over to me EA's computer servers containing EA's business and financial books and record, client files and email communications.  Avenatti initially claimed to have access to the information on the servers but also claimed he did not know the location of those servers.  Avenatti also claimed EA had sold its personal property (including the computer servers) to a third-party, X-Law Group.  That entity, however, claimed not to have received the property.  On April 2, 2019, Avenatti's counsel notified me that EA's computer servers were held by a third-party vendor.  In sum, Avenatti withheld access to EA's computer servers from me for approximately 75 days.  In so doing, Avenatti significantly hampered my ability to administer the EA receivership estate;

- Shortly after locating EA's computer servers, I agreed that the IRS could take possession of them to create a forensic image of the data.  That task has been completed, and I now have possession of the servers;

- Based on my assessment, as of the date of this report, and subject to further investigation, the key assets potentially available for recovery include:
  - Recoveries from active client cases, most of which are contingency-based;
  - Artwork and office furniture, which may be subject to an enforceable Asset Purchase Agreement by which X-Law Group purportedly purchased those assets from EA. Certain of the assets also may be subject to a Superior Court Order and a Marital Dissolution Agreement between Avenatti and his former spouse, Lisa Storie-Avenatti;
  - Avoidance actions which are being investigated and will be pursued on a contingency fee basis by LGB.

**Financial Report**

As of April 30, 2019, I am holding pursuant to the Appointment Order $0 in cash as EA did not have cash as of the date the Appointment Order, and I have not collected any funds for EA or its creditors (including certain of its clients) since the entry of the Appointment Order on February 13, 2019.

**Intervening Events**

On March 7, 2019, Avenatti filed a petition for relief on behalf of EA under chapter 11 of the Bankruptcy Code. I had spoken to Avenatti prior to that filing, and told him that (i) I was the only person authorized to file bankruptcy on behalf of EA pursuant to the Appointment Order §14(s) and (ii) I would not authorize him to file bankruptcy on behalf of EA. Avenatti also changed EA's name to "Trial Group, LLP" prior to the bankruptcy filing. The bankruptcy case number is 8:19-bk-10822-CB and was assigned to Bankruptcy Judge Catherine Bauer.

I joined in a motion filed by one of EA's creditors to dismiss the EA bankruptcy case filed by Avenatti. I also attended the March 13, 2019 hearing on that motion. On March 19, 2019, the Bankruptcy Court entered an order dismissing EA's bankruptcy case as null and void and retroactive to March 7, 2019, the date

the petition was filed. The Bankruptcy Court also entered an Order to Show Cause ("OSC") against Avenatti and scheduled a hearing to determine if Avenatti should be sanctioned for filing that bankruptcy petition for EA. Because of Avenatti's subsequently filed and pending criminal indictments, the Bankruptcy Court continued that OSC hearing from May 2019 to November 13, 2019.

**Summary of EA's Monthly Income and Expenses**

From the date of the Appointment Order through April 30, 2019, the EA receivership estate has incurred no operating costs. The professional fees incurred during this time period include the following:

| Professional | Fees & Costs Incurred | Fees Paid | Total Fees Due |
|---|---|---|---|
| Receiver & Force Ten Partners, LLC | March 2019 $67,707.08 April 2019 $25,744.20 See Exhibit A | $0 | $112,725.38 |
| Landau Gottfried & Berger LLP | March 2019 $7,723.50 April 2019 $74,808.30 | $0 | $82,531.80 |

As described in this report, I am continuing to carry out my court-ordered duties and my efforts are ongoing. I will report all material developments in future reports.

This report contains information that is subject to my continuous review, and every effort will be made to advise the recipients of any significant changes or

corrections.

I hereby declare that this report is accurate to the best of my knowledge.

Executed at Newport Beach, California on May 15, 2019.

_____
BRIAN WEISS, RECEIVER