Ronald S. Hodges – Bar No. 150586
James C. Bastian, Jr. – Bar No. 175415
Ryan D. O'Dea – Bar No. 273478
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:   (949) 340-3400
Facsimile:    (949) 340-3000
Email:         RHodges@shbllp.com

Attorneys for Interested Party,
Michael J. Avenatti

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re**<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor. | Case No.  8:18-cv-01644-VAP-KES<br><br>**(1) OBJECTION TO MOTION TO COMPEL BIENERT KATZMAN PC TO COMPLY WITH SUBPOENA; AND**<br><br>**(2) NOTICE OF MOTION AND MOTION FOR ORDER QUASHING SUBPOENA AND/OR FOR PROTECTIVE ORDER**<br><br>[[PROPOSED] ORDER FILED AND LODGED CONCURRENTLY HEREWITH]<br><br>**DATE:**   July 2, 2019<br>**TIME:**    10:00 a.m.<br>**PLACE:**  Courtroom 6D<br>411 West 4th Street<br>Santa Ana, CA 92701 |

6020-500\1369868.1                                         1

**MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on July 2, 2019, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 6D, 411 W. 4th Street, Santa Ana, CA 92701, Michael J. Avenatti ("Avenatti"), will and hereby does move this Court for a protective order (the "Motion").

This Motion is made on the grounds that:

(1) The subpoena ("Subpoena") served upon Bienert Katzman PC ("BK") by judgment creditor Jason Frank Law, PLC ("Judgment Creditor") exceeds the scope of permissible post-judgment discovery under Fed R. Civ. Proc. 26, Fed. R. Civ. Proc. 45, and Fed. R. Civ. Proc. 69 and is unduly harassing. Judgment Creditor's "third party inquiry must be kept pertinent to the goal of discovering concealed assets of the **judgment debtor** and not be allowed to become a means of harassment…inquiry into the assets of third persons is permissible where the relationship between [**the judgment debtor** and third person(s)] is sufficient to raise a reasonable doubt about the bona fides of any transfer of assets between them." *Internet Direct Response, Inc. v. Buckley*, 2010 U.S. Dist. LEXIS 50576, *3-6, 2010 WL 1752181 (citations omitted, emphasis added). The documents sought by Judgment Creditor have no relationship to the instant matter. The Subpoena is specifically designed to undermine Avenatti's ability to defend himself in completely separate criminal matters pending against him, and as such, categorically constitutes harassment; and

(2) The documents requested in the Subpoena are protected by the attorney-client privilege and/or the Fifth Amendment.

This Motion is further based upon this notice, an objection to the motion to compel Bienert Katzman to comply with subpoena, the attached Memorandum of Points and Authorities, the records and files in this action and upon such further evidence and argument as may be presented prior to or at the time of hearing on the Motion.

**SHULMAN HODGES & BASTIAN LLP**

Dated: May 31, 2019   By: */s/ Ryan D. O'Dea*
─────────────────────────
Ronald S. Hodges
James C. Bastian, Jr.
Ryan D. O'Dea
Attorneys for Michael J. Avenatti

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-500\1369868.1

2

MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

The Subpoena represents a proverbial tipping point as it pertains to the confines and parameters of permissible post-judgment discovery under the Federal Rules. While it cannot be reasonably disputed that a judgment creditor is afforded wide latitude to conduct post-judgment discovery pursuant to Fed. R. Civ. Proc. 69, such discovery is not without limitations. As detailed herein, Avenatti respectfully submits that Judgment Creditor's discovery efforts vis-à-vis the Subpoena significantly exceed the scope of permissible discovery for numerous reasons.

Avenatti brings this omnibus objection to Judgment Creditor's motion to compel BK to comply with the Subpoena ("Motion to Compel"), as well as his Motion to quash the Subpoena, or in the alternative, to obtain a protective order on the grounds that: (1) the documents requested in the Subpoena exceed the scope of permissible post-judgment discovery under Fed R. Civ. Proc. 26, Fed. R. Civ. Proc. 45, and Fed. R. Civ. Proc. 69, and as such, is unduly harassing; and (2) the Subpoena is a thinly-veiled attempt circumvent protections created by the attorney-client privilege and the Fifth Amendment, and Judgement Creditor's purported authorities to the contrary are distinguishable and should not be applied by this Court.

Therefore, the Motion to Compel should be denied in its entirety, the improper document requests within the Subpoena should be quashed and a protective order should be entered, precluding the production of the documents requested by the Subpoena.

## II. ARGUMENT

**A. The Subpoena Exceeds the Permissible Scope of Post-Judgment Discovery**

In relevant part, the Subpoena seeks production of the following documents (collectively, the "Requests") relating to third-party Michael Avenatti's individual criminal defense[1]:

> All checks, wire transfers or other documents reflecting any payments or retainers Bienert Katzman PLC has received related to its representation of Michael J. Avenatti.

---

[1] As stated in the Motion to Compel, Judgment Creditor acknowledges "Bienert represented Avenatti at the pre-indictment arraignment held on April 1, 2019." Motion to Compel 6:27-28, fn. 1.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-500\1369868.1

3

MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

Expanding upon the Requests, Judgment Creditor notes in the Motion to Compel that it is seeking production of "(a) Bienert's retainer agreement with Avenatti; (b) any other agreements Bienert has with Avenatti or any third party to pay for Bienert's representation of Avenatti; and (c) the payment documents (i.e., wires, checks or similar documents) reflecting payments or retainers made on Avenatti's behalf so that JFL may determine the source of the funds." Motion to Compel 6:19-23.

As an initial matter, the fact that Avenatti is a third-party to this proceeding cannot be overlooked or emphasized more. Taking the analysis one step further, it also cannot be overlooked that the Requests seek production of documents directly relating to Avenatti's personal defense of criminal matters entirely separate from the instant action. Irrespective of the permissible breadth of post-judgment discovery, Judgment Creditor's "third party inquiry must be kept pertinent to the goal of discovering concealed assets of the **judgment debtor** and not be allowed to become a means of harassment…inquiry into the assets of third persons is permissible where the relationship between [**the judgment debtor** and third person(s)] is sufficient to raise a reasonable doubt about the bona fides of any transfer of assets between them." *Internet Direct Response, Inc. v. Buckley*, 2010 U.S. Dist. LEXIS 50576, *3-6, 2010 WL 1752181 (citations omitted, emphasis added). The documents sought by Judgment Creditor have absolutely no relationship to the instant matter, which directly calls into question Judgment Creditor's true motivations underlying the Subpoena.

Given the palpable animosity Judgment Creditor has for Avenatti, the Subpoena needs to be viewed for what it actually is: harassment designed to ruin an opponent's chance at vindicating himself in another forum. The Subpoena is a transparent attempt to undercut Avenatti's ability to defend himself in completely separate criminal matters pending against – perhaps with the ultimate goal of dissuading his current criminal counsel (or prospective criminal counsel) from taking him on as a client. Such scorched-earth tactics untethered to a legitimate purpose or controlling authority should not be permitted by this Court. Therefore, Avenatti respectfully requests this Court to: (1) deny the Motion to Compel; (2) quash the Subpoena; and/or (3) enter a protective order precluding Judgment Creditor's ability to obtain documents or testimony responsive to the Requests.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-500\1369868.1                                    4

**MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

## B. The Requests Seek Material Protected by the Attorney-Client Privilege and/or the Fifth Amendment

As indicated in the Motion to Compel, BK timely served objections to the Subpoena and refused to produce responsive documents based upon the attorney-client privilege and the Fifth Amendment. Motion to Compel 6:10-17. Judgment Creditor posits that BK's aforementioned objections are "without merit" because:

- The Ninth Circuit has consistently held that "the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee and who paid it do not come within the privilege of attorney-client relationship." *In re Michaelson*, 511 F.2d 882, 888 (9th Cir. 1975).

- Further, "[t]he client's Fifth Amendment privilege is not violated by enforcement of a subpoena directed towards his attorney." *Beckler v. Sup. Ct.*, 568 F.2d 661, 662 (9th Cir. 1978) (citing *Fisher v. U.S.*, 425 U.S. 391, 96 S.Ct. 1569, 1574 (1976).

- For these reasons, the Ninth Circuit held that compelling an attorney to disclose his fee arrangement with his client and who is paying the fees does not violate a client's Fifth Amendment privilege against self-incrimination. *Michaelson*, 511 F.2d at 889.

- In addition, this Court has already overruled Avenatti's objections to production of fee agreements based on Avenatti's contention that such agreements are privileged under California privacy law. (Frank Decl., Ex. C at 19:15 – 20:13.).

As discussed in detail below, the authorities relied upon by Judgment Creditor in defense of its patently improper Subpoena are distinguishable, and as such, should not be applied to the instant matter.

The cornerstone of Judgment Creditor's argument is rooted in its reliance upon the case of *In re Michaelson*. Despite the sweeping propositions relied upon in the Motion to Compel, a review of the factual context of *In re Michaelson* highlights the rationale for its ruling. In particular, the case of *In re Michaelson* involved an attorney's refusal to provide testimony to a grand jury[2] on certain topics on the basis of attorney-client privilege and <u>his client's</u> Fifth Amendment rights. As such, the *Michaelson* case did not involve the production of a retainer agreement, the source of fees, or any other document – it involved a third-party attorney's

---

[2] The case of *In re Michaelson* did not involve the issue of third-party post-judgment discovery.

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-500\1369868.1

5

MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

testimony regarding the "fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee and who paid it[.]" *In re Michaelson*, 511 F.2d 882, 888 (9th Cir. 1975). As such, the production of documents requested in the Subpoena is distinguishable from the material sought in *In re Michaelson*.

While the *Michaelson* court found that third-party testimony on the aforementioned topics was not covered by the attorney-client privilege in that case, it did state that such an outcome would not apply in "unusual circumstances." *Id*. Given the fact that the instant discovery issue arises in the post-judgment context against a third-party to the above-captioned action, after a state court judge precluded the same Judgment Creditor from proceeding with the judgment debtor examination process against Avenatti due to an assertion of his Fifth Amendment rights, this Court should not rely upon the general rule applied by the *Michaelson* court.[3]

Turning finally to the *Michaelson* court's analysis of the Fifth Amendment issues, it should come as no surprise that the factual predicate of its ruling is also distinguishable from the instant matter. Specifically, the *Michaelson* court found "no merit in appellant's assertion of a Fifth Amendment defense <u>on behalf of his client</u>." *Id*. at 889 (emphasis added). The *Michaelson* court continued by stating: "It follows, then, that when the client himself would be privileged from production of the document . . . as exempt from self-incrimination, the attorney having possession of the document is not bound to produce. . . . On the other hand, if the client would be compellable to produce, . . . then the attorney is equally compellable…Again, we point out – the *Kasmir* holding rests upon the client's having his Fifth Amendment privilege. <u>In the instant case, Miss Sibson did not have such a privilege because of the immunity granted her</u>." *Id*. (citation omitted, emphasis added). Avenatti has asserted his Fifth Amendment right – as opposed to BK asserting this

---

[3] Additionally, the rationale of the *Michaelson* court as it pertains to the application of the attorney-client privilege to an attorney's testimony appears to be distinguishable. In particular, the *Michaelson* court stated: "There are strong policy reasons why the existence of an attorney-client relationship, including the fee arrangement, should not be privileged absent incriminating circumstances such as outlined above. The courts have inherent power to regulate the bar. The courts have the right to inquire into fee arrangements both to protect the client from excessive fees and to assist an attorney in collection of his fee, but more importantly, the court may inquire into fee arrangements to protect against suspected conflicts of interest." *Id*. at 888-889. The concerns and rationale of the *Michaelson* court do not apply to the case at bar.

fundamental right on Avenatti's behalf – and as such, the case of *Michaelson* is distinguishable. Furthermore, Avenatti has not been provided immunity, thus compounding *Michaelson's* inapplicability.

Therefore, Avenatti respectfully requests this Court to: (1) Deny the Motion to Compel; and (2) Quash the Subpoena as it pertains to production of documents responsive to the Requests, or in the alternative, enter a protective order prohibiting Judgment Creditor from seeking documents responsive to the Requests.

### III.   CONCLUSION

The discovery efforts aimed at Avenatti individually have hit a point where this Court should say enough is enough. Judgment Creditor's instant discovery efforts greatly exceed permissible third-party post-judgment discovery, as the Subpoena and the Requests have nothing to do with matters related to uncovering assets of Eagan Avenatti, LLP. Rather, the Subpoena is a scorched-earth litigation tactic employed to disrupt Avenatti's individual ability to defend himself in unrelated matters. Due to the harassing nature of the Subpoena, as well as the implication of the attorney-client privilege and Fifth Amendment protection, Avenatti respectfully requests this Court to: (1) deny the Motion to Compel; and (2) quash the Subpoena as it pertains to production of documents responsive to the Requests, or in the alternative, enter a protective order prohibiting Judgment Creditor from seeking documents responsive to the Requests.

**SHULMAN HODGES & BASTIAN LLP**

Dated: May 31, 2019       By: */s/ Ryan D. O'Dea*
　　　　　　　　　　　　　　　Leonard M. Shulman
　　　　　　　　　　　　　　　Ronald S. Hodges
　　　　　　　　　　　　　　　Ryan D. O'Dea
　　　　　　　　　　　　　　　Attorneys for Michael J. Avenatti

SHULMAN HODGES & BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-500\1369868.1                              7

**MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

## PROOF OF SERVICE

**Eagan Avenatti, LLP**
**8:18-cv-01644 VAP (KESx)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

On May 31, 2019, I served true copies of the following document(s) described as **(1) OBJECTION TO MOTION TO COMPEL BIENERT KATZMAN PC TO COMPLY WITH SUBPOENA; AND (2) NOTICE OF MOTION AND MOTION FOR ORDER QUASHING SUBPOENA AND/OR FOR PROTECTIVE ORDER** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Shulman Hodges & Bastian LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 31, 2019, at Irvine, California.

*Anne M. Vernon*
Anne Marie Vernon

6020-500\1369868.1

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**SERVICE LIST**
**Eagan Avenatti, LLP**
**8:18-cv-01644 VAP (KESx)**

| | |
|---|---|
| Eagan Avenatti, LLP<br>Michael J. Avenatti<br>Avenatti LLP<br>520 Newport Center Drive, Suite 1400<br>Newport Beach, CA 92660 | Jason Frank Law, PLC<br>James R. Selth<br>Weintraub and Selth APC<br>11766 Wilshire Blvd., Suite 1170<br>Los Angeles, CA 90025 |
| Jason Frank Law, PLC<br>Andrew D. Stolper<br>Frank Sims and Stolper LLP<br>19800 MacArthur Blvd., Suite 855<br>Irvine, CA 92612 | Jason Frank Law, PLC<br>Sara L. Chenetz<br>Perkins Coie LLP<br>1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067 |
| Jason Frank Law, PLC<br>Scott Howard Sims<br>Frank Sims and Stolper LLP<br>19800 MacArthur Blvd., Suite 855<br>Irvine, CA 92612 | Brian Weiss, Receiver<br>c/o John P. Reitman<br>Landau Gottfried & Berger LLP<br>1801 Century Park East, Suite 700<br>Los Angeles, CA 90067 |