1  BRIAN WEISS
   Court Appointed Receiver
2  Force Ten Partners, LLC
   20341 S.W. Birch Street, Suite 220
3  Newport Beach, CA  92660
   Tel:  949-357-2368
4  Email:  bweiss@force10partners.com

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  In re                              Case No. 8:18-CV-01644-VAP-KES

12  EAGAN AVENATTI, LLP                 **RECEIVER'S FOURTH INTERIM
                                        REPORT**
13                  Debtor
                                        Date:      No Hearing Required
14                                      Time:
                                        Place:
15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
                **RECEIVER'S FOURTH INTERIM REPORT**

Pursuant to the Joint Stipulation between Judgment Debtor Eagan Avenatti, LLP ("EA") and Michael Avenatti ("Avenatti") and Judgment Creditor Jason Frank Law, on February 13, 2019, I (Brian Weiss) was appointed as the Receiver of EA (the "Appointment Order") [Docket No. 53]. This is my report for the period ended June 30, 2019.

The purpose of this report is to provide:

- A narrative of material events;
- A financial report;
- An accounting of the income and expenses incurred in the administration of EA, including the Receiver's fees and expenses.

**Efforts by the Receiver to Identify, Quantify and Recover Assets and Material Events**

- EA's existing Litigation cases – identify, filing of notices/liens and assist clients in transiting cases to new counsel;

- I have performed extensive analyses of EA banking transactions and identified approximately fifty parties that may have received fraudulent transfers. Landau Gottfried & Berger LLP ("LGB") sent demand letters to persons and entities identified by me that may be recipients of fraudulent transfer claims under applicable State laws to recover such transfers and are in the process of answering questions of and requesting information from those recipients regarding the transfers. Those communications are continuing;

- During this reporting period, in litigation entitled *Eagan Avenatti, LLP v. Stoll, et al., etc.,* Case No. 30-2011-00483570 [consolidated with Case No. 30-2013-00627604][1], pending in the Superior Court of California, County of Orange, defendant Stoll, Nussbaum & Polakov ("SNP") filed a second amended complaint

---

[1] Two parties in this consolidated case also commenced litigation against EA and certain former firm attorneys in the Santa Barbara Superior Court, *Parrish, et al., v. Michael Avenatti, et al.,* Case No. 19CV01686.

1

**RECEIVER'S FOURTH INTERIM REPORT**

against EA, alleging various claims arising from EA's purported diversion of legal fees claimed as owed to it as contingency fee co-counsel with EA in litigation resolved in the client's favor.  LGB, at my instruction, cooperated with SNP by providing financial and other information about this receivership case, explaining why litigation against the estate would not be in the interests of either party and why I would not accept service of that new cross-complaint unless and until the District Court approved a motion requiring me to do so, and offering to allow SPN a claim against the receivership estate for the contractual amount of its claimed fee. SPN rejected that offer and my demand that it obtain leave of this Court prior to proceeding against me on its new cross-complaint.  Instead, SNP served on me and filed a request for entry of default on that fourth pleading and served on me a subpoena to produce documents.  At my request, LGB is filing an objection to the pleading and serving an objection to the subpoena;

- In addition to the foregoing case, LGB learned that EA's former client Geoffrey E. Johnson had filed a complaint entitled *Johnson v. Avenatti, et al.,* Case No. 30-2019-01076162-CU-PN-CJC, in the Superior Court of California, County of Orange.  The complaint asserts various claims against EA and certain former attorneys and a staff member of the firm for various claims arising from the purported improper diversion of funds from a settlement achieved on Mr. Johnson's behalf.  At my instruction, LGB communicated with plaintiff's counsel about that claim and provided information about this receivership, explained why litigation against the estate would not be in the interests of either party and why I would not accept service of the complaint unless and until the District Court approved a motion requiring me to do so, and offering to allow plaintiff's claim against the receivership estate for the contractual amount to which he would be entitled pursuant with his engagement agreement with EA;

- Prior to this reporting period former EA client Gregory Barela and Talitha Barela commenced an arbitration through JAMS against Michael Avenatti,

2

Avenatti & Associates, EA and certain of the firm's attorneys for various claims arising from the purported improper diversion of funds from a settlement achieved on Mr. Barela's behalf.  My counsel and I met with Mr. Barela's attorney about that claim and provided information about this receivership, explained why litigation against the estate would not be in the interests of either party, and offering to allow Mr. Barela's claim against the receivership estate for the contractual amount owed to him pursuant with his engagement agreement with EA.  Recently, LGB received communications from JAMS which indicate that the arbitration is being pursued by the claimants;

- The receivership estate is pursuing an interest in a Honda jet indirectly owned by Avenatti and a third-party which has been seized by the IRS to pay taxes claimed as owed by Avenatti.  EA had used its funds to pay part of the purchase price of the jet and, for that reason, my counsel and I believe the estate has a right to recover that sum upon the sale of the jet.  Discussions with multiple parties asserting an interest in the jet are on-going in an attempt to sell the jet and resolving competing claims against the anticipated sale proceeds.

- Based on my assessment, as of the date of this report, and subject to further investigation, the key assets potentially available for recovery include:

  - Recoveries from active client cases, most of which are contingency-based;
  - Artwork and office furniture and equipment, which may be subject to an enforceable Asset Purchase Agreement by which X-Law Group purportedly purchased those assets from EA.  Certain of the assets also may be subject to a Superior Court Order and a Marital Dissolution Agreement between Avenatti and his former spouse, Lisa Storie-Avenatti and to a Judgment lien asserted by Jason Frank Law;

3

**RECEIVER'S FOURTH INTERIM REPORT**

- EA funds used to purchase an interest in the Honda jet owned by Passport 420 LLC (an entity in which Avenatti claims an ownership interest).

- In the near future I plan to file a motion to authorize the sale of these assets (both X-Law Group and Jason Frank Law may claim an interest in the office furniture and equipment), as well as art work held in another storage facility (Avenatti's former spouse (Lisa Storie-Avenatti) also claims an ownership interest in at least some of the art work).

**Financial Report**

As of June 30, 2019, I am holding pursuant to the Appointment Order $2,000 in cash.  As of the date the Appointment Order, EA did not have cash in its bank accounts.

**Summary of EA's Monthly Income and Expenses**

From the date of the Appointment Order through June 30, 2019, the EA receivership estate has incurred no operating costs.  The professional fees incurred during this reporting period and since my appointment as the Receiver include the following:

| Professional | Fees & Costs Incurred | Fees Paid | Total Fees Due |
|---|---|---|---|
| Receiver & Force Ten Partners, LLC | June 2019 $4,851.00 See Exhibit A | $0 | $130,733.18 |
| Landau Gottfried & Berger LLP | June 2019 $33,555.65 | $0 | $249,638.32 |

As described in this report, I am continuing to carry out my court-ordered duties and my efforts are ongoing.  I will report all material developments in future

reports.

This report contains information that is subject to my continuous review, and every effort will be made to advise the recipients of any significant changes or corrections.

I hereby declare that this report is accurate to the best of my knowledge.

Executed at Newport Beach, California on July 3, 2019.

BRIAN WEISS, RECEIVER

**RECEIVER'S FOURTH INTERIM REPORT**