BRIAN WEISS
Court Appointed Receiver
Force Ten Partners, LLC
20341 S.W. Birch Street, Suite 220
Newport Beach, CA 92660
Tel: 949-357-2368
Email: bweiss@force10partners.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP<br><br>Debtor | Case No. 8:18-CV-01644-VAP-KES<br><br>**RECEIVER'S SIXTH INTERIM REPORT**<br><br>Date:    No Hearing Required<br>Time:<br>Place: |

**RECEIVER'S SIXTH INTERIM REPORT**

Pursuant to the Joint Stipulation between Judgment Debtor Eagan Avenatti, LLP ("EA") and Michael Avenatti ("Avenatti") and Judgment Creditor Jason Frank Law, on February 13, 2019, I (Brian Weiss) was appointed as the Receiver of EA (the "Appointment Order") [Docket No. 53]. This is my report for the period ended August 31, 2019.

The purpose of this report is to provide:

- A narrative of material events;
- A financial report;
- An accounting of the income and expenses incurred in the administration of EA, including the Receiver's fees and expenses.

**Efforts by the Receiver to Identify, Quantify and Recover Assets and Material Events**

- I have performed extensive analyses of EA banking transactions and identified approximately fifty parties that may have received transfers from EA that may be avoidable and recoverable by the receivership estate under applicable State laws. Landau Gottfried & Berger LLP ("LGB") sent letters to persons and entities identified by me who received such transfers for the return of those transfers to the estate. LGB is continuing communications with those transferees or their respective legal counsel concerning the estate's claims and any defenses asserted by the transferees and attempting to resolve the estate's claims. In some instances, LGB determined that the transfers are not avoidable because the payments were in satisfaction of legitimate obligations incurred by EA. In other instances, LGB determined that the transferee is no longer in business or is located outside of and has no business operations within the United States. In other instances, LGB received responses to my demand letters requesting additional information about my claim seeking repayment of the transfers. LGB has substantively responded to those requests but, to date, LGB's efforts have not resulted in any settlements or settlement offers. Accordingly, after reviewing the exchanges between LGB and

the transferees or their legal counsel and further discussions with LGB, I authorized LGB to complete the preparation of and to file asset recovery complaints. LGB is now prepared to begin filing avoidable transfer recovery complaints. At the same time, LGB is continuing to communicate with transferees of EA's assets to informally resolve the estate's claims, subject to court approval.

- In litigation entitled *Eagan Avenatti, LLP v. Stoll, et al., etc.,* Case No. 30-2011-00483570 [consolidated with Case No. 30-2013-00627604][1], pending in the Superior Court of California, County of Orange, defendant Stoll, Nussbaum & Polakov ("SNP") filed a second amended complaint (the "SAC") against EA, alleging various claims arising from EA's purported diversion of legal fees claimed as owed to it as contingency fee co-counsel with EA in litigation resolved in the client's favor. LGB, at my instruction, cooperated with SNP by providing financial and other information about this receivership case, explaining why litigation against the estate would not be in the interests of either party and why I would not accept service of the FAC unless and until the District Court approved a motion requiring me to do so, and offering to allow SPN a claim against the receivership estate for the contractual amount of its claimed fee. SPN rejected that offer and my demand that it obtain leave of this Court prior to proceeding against me on the SAC. Instead, SNP served on me and filed a request for entry of default on that pleading. At my request, LGB filed an objection to the default. Notwithstanding my objection, the clerk of the court has entered a default (but not a default judgment) against EA. I have instructed LGB to move to set aside entry of the default. -SPN also served on me both a subpoena and a request to produce documents. LGB has objected to both of those discovery pleadings on numerous grounds. Although, pursuant to the Appointment Order, Avenatti has no authority to act for EA, on or

---

[1] Two parties in this consolidated case also commenced litigation against EA and certain former firm attorneys in the Santa Barbara Superior Court, *Parrish, et al., v. Michael Avenatti, et al.,* Case No. 19CV01686.

about July 22, 2019, Avenatti purported to serve and file an answer on behalf of EA to SNP's SAC; in that pleading, Avenatti identified himself as the "Attorney" EA and other cross-defendants. I have instructed LGB to notify the California State Bar of that unauthorized filing by Avenatti;

- In the prior reporting period, EA's former client Geoffrey E. Johnson filed a complaint entitled *Johnson v. Avenatti, et al.,* Case No. 30-2019-01076162-CU-PN-CJC, in the Superior Court of California, County of Orange. The complaint asserts various claims against EA and certain former attorneys and a staff member of the firm for various claims arising from the purported improper diversion of funds from a settlement achieved on Mr. Johnson's behalf. At my instruction, LGB communicated with plaintiff's counsel about that claim and provided information about this receivership, explained why litigation against the estate would not be in the interests of either party and why I would not accept service of the complaint unless and until the District Court approved a motion requiring me to do so, and offering to allow plaintiff's claim against the receivership estate for the contractual amount to which he would be entitled pursuant with his engagement agreement with EA. To date, I have not received notice that Mr. Johnson's counsel has sought relief from the District Court to serve that complaint on me and or that Mr. Johnson is agreeable to the settlement proposal made to his counsel by LGB. Instead, in this Reporting Period, Mr. Johnson's counsel filed a request for entry of default against EA. At my request, LGB filed an opposition to that request on the ground that under California law the receivership estate is not a proper party unless and until leave to pursue litigation against me as the Receiver is obtained from the District Court. Notwithstanding my objection, the clerk of the court has entered a default (but not a default judgment) against EA. I have instructed LGB to move to set aside entry of the default. At about the same time Mr. Johnson served a document request and form interrogatories on me, as the Receiver. LGB has objected to that discovery, as well.

- Prior to this reporting period former EA client Gregory Barela and Talitha Barela commenced an arbitration through JAMS against Michael Avenatti, Avenatti & Associates, EA and certain of the firm's attorneys for various claims arising from the purported improper diversion of funds from a settlement achieved on Mr. Barela's behalf.  My counsel and I met with Mr. Barela's attorney about that claim and provided information about this receivership, explained why litigation against the estate would not be in the interests of either party, and offering to allow Mr. Barela's claim against the receivership estate for the contractual amount owed to him pursuant with his engagement agreement with EA.  Thereafter, LGB received communications from JAMS stating that the claimants intended to pursue the arbitration.  During this Reporting Period, Avenatti filed a motion to stay the JAMS arbitration, arguing, among other things, that prosecuting the matter to judgment while criminal charges are pending against Avenatti would violate his Constitutionally protected right against self-incrimination.  In response, the claimants requested that the proceeding be dismissed without prejudice so that they could seek relief in the Superior Court;

- In April 2019, former EA clients, William Parrish and Timothy Fitzgibbons commenced litigation entitled *Parrish, et al. v. Avenatti, et al.,* Case No. 19CV10686, in the Superior Court of California, County of Santa Barbara, against Avenatti, EA and others.  The complaint asserts causes of action against the defendants for, among other things, professional negligence, breach of fiduciary duty and fraud.  At my request, LGB has communicated with the plaintiffs' counsel about those claims, the assets and potential liabilities of the receivership estate, and settlement. They also informed plaintiffs' counsel that I would not voluntarily appear in that action unless and until plaintiffs filed a motion before the District Court for leave to proceed against the estate and obtained an order approving that request.  To date, I have not received notice that such motion has been filed.

- The receivership estate is pursuing an interest in a Honda jet indirectly owned by Avenatti and a third-party which has been seized by the IRS to pay taxes claimed as owed by Avenatti. EA had used its funds to pay part of the purchase price of the jet and, for that reason, my counsel and I believe the estate has a right to recover that sum upon the sale of the jet. Discussions with multiple parties asserting an interest in the jet are on-going to sell the jet and resolving competing claims against the anticipated sale proceeds. Those discussions have continued, including through an "all-hands" conference call with counsel for the IRS and all parties (through their respective counsel) asserting a financial claim in the jet. To date, the dispute over the disposition of the jet has not been resolved, notwithstanding that the failure to immediately sell that asset creates additional expenses which likely will diminish the net value available upon the sale of that asset. Accordingly, I have instructed LGB to continue to attempt to resolve the disputed issues. Most recently, in response to a request by one of the parties who is a member with Avenatti in a limited liability company (Passport 420 LLC) which is the record owner of the jet, LGB produced documents explaining and documenting the sources and flow of funds used to purchase the jet.

- Recently, I learned that Lisa Storie-Avenatti (Avenatti's former spouse) caused a writ of execution to be issued by the Orange County Family Law Court presiding over the Avenatti marital dissolution proceeding is pending. The writ was levied by the Orange County Sheriff's office against art works in the possession of a third-party art storage facility, which assets were paid for by EA and are assets of the receivership estate. During this Reporting Period, LGB successfully objected to and obtained a temporary stay of the Sheriff's sale of the art. Pursuant to that stay, LGB has prepared a complaint against Ms. Storie, and Avenatti and his controlled entities to set aside and recover EA assets (including the art) pursuant to the California Voidable Transfer Act and for a judicial determination that the art is property of the receivership estate. Additional steps

will need to be taken in the next Reporting Period to secure the art until its ownership can be determined through a judicial proceeding.

- During this Reporting Period, I learned that EA's former landlord, 520 Newport Center Drive LLC had obtained a Judgment against EA in the amount of $242,874.39 and had recorded an Abstract of Judgment in that amount in Los Angeles County.
- Based on my assessment, as of the date of this report, and subject to further investigation, the key assets potentially available for recovery include:
  - Attorneys' fees from active client cases, most of which are contingency-based;
  - Artwork (see above) and office furniture and equipment, which may be subject to an enforceable Asset Purchase Agreement by which X-Law Group purportedly purchased those assets from EA. Certain of the assets also may be subject to a Superior Court Order and a Marital Dissolution Agreement between Avenatti and his former spouse, Lisa Storie-Avenatti and to a Judgment lien asserted by Jason Frank Law;
  - EA funds used to purchase an interest in the Honda jet owned by Passport 420 LLC (an entity in which Avenatti claims an ownership interest). As discussed above, the jet has been seized by the IRS and currently is held in a third-party aircraft storage facility. I have been working with LGB and counsel for the IRS to reach an agreement for the sale of the jet.
- As previously reported, LGB has preparation a motion to authorize the sale of these assets (both X-Law Group and Jason Frank Law may claim an interest in the office furniture and equipment), as well as art work which is now held by the Orange County Sheriff's office pursuant to a writ of execution obtained by Ms. Storie. It is still my intention to file a motion for authority to sell these assets and,

as necessary, to commence litigation to determine the receivership estate's ownership interest in those assets.

- As also previously reported, LGB and I have been required to respond to claims by or on behalf of Avenatti to obtain at no cost Avenatti, and without EA client approval, unfettered access to and a copy of all of EA's client files and EA business and financial records. In connection therewith, LGB has responded to requests for information by the California State Bar, including in the form of a declaration signed under penalty of perjury and filed in a pending Bar proceeding against Avenatti. Shortly after that declaration was filed, Avenatti filed a motion in the criminal proceeding against him, *United States of America v. Avenatti*, Case No. SACR 19-61-JVS, pending in the United States District Court, Central District of California, for access to those documents. At my instruction, LGB opposed that motion on the grounds that I have repeatedly offered to make relevant documents available to Avenatti on reasonable terms, which offers he has ignored or rejected. At the August 26, 2019, hearing on that motion the Court denied Avenatti's request. Shortly thereafter, Avenatti informally agreed to the general terms I previously offered for access to documents. If Avenatti performs those terms, reasonable access to EA documents will be made to him (through IT consultants to be retained at his sole expense).

**Financial Report**

As of August 31, 2019, I am holding pursuant to the Appointment Order $6,265.51 in cash. As of the date the Appointment Order, EA did not have cash in its bank accounts.

**Summary of EA's Monthly Income and Expenses**

From the date of the Appointment Order through August 31, 2019, the EA receivership estate has incurred no operating costs. The professional fees incurred

during this reporting period and since my appointment as the Receiver include the following:

| Professional | Fees & Costs Incurred | Fees Paid | Total Fees Due |
|---|---|---|---|
| Receiver & Force Ten Partners, LLC | August 2019<br>$7,357.50<br>See Exhibit A | $0 | $152,046.68 |
| Landau Gottfried & Berger LLP | August 2019<br>$88,909.15 | $0 | $367,424.98 |

As described in this report, I am continuing to carry out my court-ordered duties and my efforts are ongoing. I will report all material developments in future reports.

This report contains information that is subject to my continuous review, and every effort will be made to advise the recipients of any significant changes or corrections.

I hereby declare that this report is accurate to the best of my knowledge.

Executed at Newport Beach, California on September 11, 2019.

                                                                                      /s/ BW
                                                                            BRIAN WEISS, RECEIVER