JOHN P. REITMAN (State Bar No. 80579)
jreitman@lgbfirm.com
JACK A. REITMAN (State Bar No. 283746)
jareitman@lgbfirm.com
LANDAU GOTTFRIED & BERGER LLP
1880 Century Park East, Suite 1101
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for Brian Weiss,
Court Appointed Receiver of Eagan Avenatti, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP<br><br>Debtor. | Case No. 8:18-CV-01644-VAP-KES<br><br>**RECEIVER'S NOTICE OF MOTION AND MOTION TO DISCHARGE RECEIVER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Declaration of Brian Weiss in support filed concurrently herewith]**<br><br>**<u>Hearing Date, Time, and Location:</u>**<br>Date:     October 29, 2019<br>Time:    10:00 a.m.<br>Place:    Courtroom 6D<br>             411 W 4th Street<br>             Santa Ana, CA 92701 |

**TO THE HONORABLE KAREN E. SCOTT, MAGISTRATE JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND ALL OTHER PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 29, 2019, at 10:00 a.m., in Courtroom 6D of the United States District Court for the Central District of California, Santa Ana Division, located at 411 W 4th Street, Santa Ana, California, Brian Weiss, federal court appointed receiver (the "Receiver") for Eagan Avenatti, LLP ("EA"), will move the Court (the "Motion") for an order discharging Mr. Weiss' duties as the court appointed receiver for EA.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on the Receiver causing EA to file for chapter 7 bankruptcy on September 13, 2019 (*In re Eagan Avenatti, LLP*, Case No. 8:19-bk-13560-CB). A bankruptcy trustee (Richard A. Marshack, the "Trustee") has been appointed, and the Receiver has turned over all files and other property to the Trustee, and discussed this case at great length with him.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on Federal Rule of Civil Procedure 66 and California Rule of Court 3.1184, which require a noticed motion and court order in order to discharge the Receiver. As EA is now in bankruptcy, the Receiver's duties have *de facto* terminated as they have all been transferred as a matter of law to the Trustee.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed declaration of Brian Weiss, with exhibit, the pleadings and other papers on file in this case, and upon such evidence and argument as may be presented at or before the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Rule 7-3, the Receiver has discussed the Motion with judgment creditor Jason Frank Law and Mr. Avenatti. Mr. Frank does not intend to oppose the motion; Mr. Avenatti does intend

to oppose the Motion.

**WHEREFORE**, the Receiver respectfully requests the Court enter an order discharging Brian Weiss from his duties as receiver for Eagan Avenatti, LLP.

Dated: October 1, 2019            Respectfully submitted,

                                                   LANDAU GOTTFRIED & BERGER LLP

                                                  By:        /s/ Jack A. Reitman
                                                        Jack A. Reitman
                                                        Attorneys for Brian Weiss, Court Appointed Receiver of Eagan Avenatti, LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

Brian Weiss, court appointed receiver ("Receiver") of Eagan Avenatti, LLP ("EA"), submits this memorandum of points and authorities in support of his motion (the "Motion") for an order discharging Mr. Weiss' duties as the court appointed receiver for EA. Also filed under separate cover is the Declaration of Brian Weiss (the "Weiss Dec."), with exhibit.

## I.   STATEMENT OF FACTS

The Receiver was appointed by this Court (by stipulation) on February 13, 2019 [Docket No. 53] (the "Receivership Order"). On September 13, 2019, the Receiver caused EA to file for chapter 7 bankruptcy (*In re Eagan Avenatti, LLP*, Case No. 8:19-bk-13560-CB, the "EA Bankruptcy Case"). A bankruptcy trustee (Richard A. Marshack, the "Trustee") has been appointed, and the Receiver has turned over all files and other property to the Trustee, and discussed EA and its business/various issues at great length with him. Weiss Dec., ¶ 2.

As the assets and affairs of EA are now wholly controlled by the Trustee in the EA Bankruptcy Case, the Receiver believes that his duties have concluded, and requests that the Court enter an order discharging him of his obligations under the Receivership Order. Weiss Dec., ¶ 3. The Receiver has attached his final report as Exhibit 1 to the Weiss Dec.

## II.   ARGUMENT

Federal Rule of Civil Procedure 66 requires that the Court issue an order discharging the Receiver, and states that local rules determine the procedure for obtaining such an order. The pertinent local rule is California Rule of Court 3.1184(a), which governs the Receiver's final account and report, and the termination of the EA Receivership estate (the Receiver must present (i) a final account and report; (ii) a request for the discharge; and (iii) a request for exoneration

of the receiver's surety).[1]

As stated above, EA is now in bankruptcy with a trustee appointed. Therefore, there are no more duties for the Receiver to carry out. The Receiver has submitted his final report which explains the filing of bankruptcy and the various EA issues the Receiver was dealing with prior to that filing. The Receiver was not required under the Receivership Order to post a surety bond.

### III. CONCLUSION.

For all the foregoing reasons, the Receiver respectfully requests that the Court grant the Motion and enter an order discharging Brian Weiss from his duties as receiver for Eagan Avenatti, LLP.

Dated: October 1, 2019

Respectfully submitted,
LANDAU GOTTFRIED & BERGER LLP

By: /s/ Jack A. Reitman
Jack A. Reitman
Attorneys for Brian Weiss, Court Appointed Receiver of Eagan Avenatti, LLP

---

[1] California Rule of Court 3.1184(b) states that no memorandum is required in support of the Motion unless the court so orders. However, the Receiver wanted to give a brief account of the events that have transpired and the applicable law for the convenience of the Court.