# EXHIBIT 1

BRIAN WEISS
Court Appointed Receiver
Force Ten Partners, LLC
20341 S.W. Birch Street, Suite 220
Newport Beach, CA  92660
Tel:  949-357-2368
Email:  bweiss@force10partners.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| In re | Case No. 8:18-CV-01644-VAP-KES |
|---|---|
| EAGAN AVENATTI, LLP | **RECEIVER'S SEVENTH AND FINAL REPORT** |
| Debtor. | |

Pursuant to the Joint Stipulation between Judgment Debtor Eagan Avenatti, LLP ("EA") and Michael Avenatti ("Avenatti") and Judgment Creditor Jason Frank Law, on February 13, 2019, I (Brian Weiss) was appointed as the Receiver of EA (the "Appointment Order") [Docket No. 53].

On September 13, 2019, I caused EA to file a voluntary petition bankruptcy under 11. U.S. Code Chapter 7 (Case No. 8:19-bk-13560-CB). This is my report for the period from September 1, 2019 through September 13, 2019, the bankruptcy petition date ("Petition Date"). The bankruptcy was filed due to a judgment obtained against EA and continued litigation being pursued against EA resulting from multiple litigation claims arising from litigation settlements achieved by EA then purportedly improperly diverted by Michael Avenatti and as further described below.

The purpose of this report is to provide:

- A narrative of material events;
- A financial report;
- An accounting of the income and expenses incurred in the administration of EA, including the Receiver's fees and expenses.

**Efforts by the Receiver to Identify, Quantify and Recover Assets and Material Events**

- I have performed extensive analyses of EA banking transactions and identified approximately fifty parties that may have received transfers from EA that may be avoidable and recoverable by the receivership estate under applicable State laws. Landau Gottfried & Berger LLP ("LGB") sent letters to persons and entities identified by me who received such transfers for the return of those transfers to the estate. Up to the Petition Date, LGB communicated with those transferees or their respective legal counsel concerning the estate's claims and any defenses asserted by the transferees and attempting to resolve the estate's claims. In some instances, LGB determined that the transfers are not avoidable because the payments were in

**RECEIVER'S SEVENTH AND FINAL REPORT**

satisfaction of legitimate obligations incurred by EA. In other instances, LGB determined that the transferee is no longer in business or is located outside of and has no business operations within the United States. In other instances, LGB received responses to my demand letters requesting additional information about my claim seeking repayment of the transfers. LGB substantively responded to those requests, however, up to the Petition Date, LGB's efforts did not resulted in any settlements or settlement offers. Accordingly, after reviewing the exchanges between LGB and the transferees or their legal counsel and further discussions with LGB, I authorized LGB to complete the preparation of and to file asset recovery complaints. LGB began prepared to begin filing avoidable transfer recovery complaints. I and LGB have discussed with the EA bankruptcy trustee and are in process of turning over the information to him.

- In litigation entitled *Eagan Avenatti, LLP v. Stoll, et al., etc.,* Case No. 30-2011-00483570 [consolidated with Case No. 30-2013-00627604][1], pending in the Superior Court of California, County of Orange, defendant Stoll, Nussbaum & Polakov ("SNP") filed a second amended complaint (the "SAC") against EA, alleging various claims arising from EA's purported diversion of legal fees claimed as owed to it as contingency fee co-counsel with EA in litigation resolved in the client's favor. LGB, at my instruction, cooperated with SNP by providing financial and other information about this receivership case, explaining why litigation against the estate would not be in the interests of either party and why I would not accept service of the FAC unless and until the District Court approved a motion requiring me to do so, and offering to allow SPN a claim against the receivership estate for the contractual amount of its claimed fee. SPN rejected that offer and my demand that it obtain leave of this Court prior to proceeding against me on the SAC.

---

[1] Two parties in this consolidated case also commenced litigation against EA and certain former firm attorneys in the Santa Barbara Superior Court, *Parrish, et al., v. Michael Avenatti, et al.,* Case No. 19CV01686.

Instead, SNP served on me and filed a request for entry of default on that pleading. At my request, LGB filed an objection to the default. Notwithstanding my objection, the clerk of the court has entered a default (but not a default judgment) against EA. I have instructed LGB to move to set aside entry of the default. SPN also served on me both a subpoena and a request to produce documents. LGB has objected to both of those discovery pleadings on numerous grounds. Although, pursuant to the Appointment Order, Avenatti has no authority to act for EA, on or about July 22, 2019, Avenatti purported to serve and file an answer on behalf of EA to SNP's SAC; in that pleading, Avenatti identified himself as the "Attorney" EA and other cross-defendants. I have instructed LGB to notify the California State Bar of that unauthorized filing by Avenatti;

- In the prior reporting period, EA's former client Geoffrey E. Johnson filed a complaint entitled *Johnson v. Avenatti, et al.,* Case No. 30-2019-01076162-CU-PN-CJC, in the Superior Court of California, County of Orange. The complaint asserts various claims against EA and certain former attorneys and a staff member of the firm for various claims arising from the purported improper diversion of funds from a settlement achieved on Mr. Johnson's behalf. At my instruction, LGB communicated with plaintiff's counsel about that claim and provided information about this receivership, explained why litigation against the estate would not be in the interests of either party and why I would not accept service of the complaint unless and until the District Court approved a motion requiring me to do so, and offering to allow plaintiff's claim against the receivership estate for the contractual amount to which he would be entitled pursuant with his engagement agreement with EA. To date, I have not received notice that Mr. Johnson's counsel has sought relief from the District Court to serve that complaint on me and or that Mr. Johnson is agreeable to the settlement proposal made to his counsel by LGB. Instead, in this Reporting Period, Mr. Johnson's counsel filed a request for entry of default against EA. At my request, LGB filed an opposition to that request on the ground that

3

**RECEIVER'S SEVENTH AND FINAL REPORT**

under California law the receivership estate is not a proper party unless and until leave to pursue litigation against me as the Receiver is obtained from the District Court.  Notwithstanding my objection, the clerk of the court has entered a default (but not a default judgment) against EA.  I have instructed LGB to move to set aside entry of the default.   At about the same time Mr. Johnson served a document request and form interrogatories on me, as the Receiver.  LGB has objected to that discovery, as well.

- Prior to this reporting period former EA client Gregory Barela and Talitha Barela commenced an arbitration through JAMS against Michael Avenatti, Avenatti & Associates, EA and certain of the firm's attorneys for various claims arising from the purported improper diversion of funds from a settlement achieved on Mr. Barela's behalf.  My counsel and I met with Mr. Barela's attorney about that claim and provided information about this receivership, explained why litigation against the estate would not be in the interests of either party, and offering to allow Mr. Barela's claim against the receivership estate for the contractual amount owed to him pursuant with his engagement agreement with EA.  Thereafter, LGB received communications from JAMS stating that the claimants intended to pursue the arbitration.  During this Reporting Period, Avenatti filed a motion to stay the JAMS arbitration, arguing, among other things, that prosecuting the matter to judgment while criminal charges are pending against Avenatti would violate his Constitutionally protected right against self-incrimination.  In response, the claimants requested that the proceeding be dismissed without prejudice so that they could seek relief in the Superior Court;

- In April 2019, former EA clients, William Parrish and Timothy Fitzgibbons commenced litigation entitled *Parrish, et al. v. Avenatti, et al.,* Case No. 19CV10686, in the Superior Court of California, County of Santa Barbara, against Avenatti, EA and others.  The complaint asserts causes of action against the defendants for, among other things, professional negligence, breach of fiduciary

4

**RECEIVER'S SEVENTH AND FINAL REPORT**

duty and fraud.  At my request, LGB has communicated with the plaintiffs' counsel about those claims, the assets and potential liabilities of the receivership estate, and settlement. They also informed plaintiffs' counsel that I would not voluntarily appear in that action unless and until plaintiffs filed a motion before the District Court for leave to proceed against the estate and obtained an order approving that request.  To date, I have not received notice that such motion has been filed.

- The receivership estate is pursuing an interest in a Honda jet indirectly owned by Avenatti and a third-party which has been seized by the IRS to pay taxes claimed as owed by Avenatti.  EA had used its funds to pay part of the purchase price of the jet and, for that reason, my counsel and I believe the estate has a right to recover that sum upon the sale of the jet.  Discussions with multiple parties asserting an interest in the jet are on-going to sell the jet and resolving competing claims against the anticipated sale proceeds.  Those discussions have continued, including through an "all-hands" conference call with counsel for the IRS and all parties (through their respective counsel) asserting a financial claim in the jet.  To date, the dispute over the disposition of the jet has not been resolved, notwithstanding that the failure to immediately sell that asset creates additional expenses which likely will diminish the net value available upon the sale of that asset.  Accordingly, I have instructed LGB to continue to attempt to resolve the disputed issues.  Most recently, in response to a request by one of the parties who is a member with Avenatti in a limited liability company (Passport 420 LLC) which is the record owner of the jet, LGB produced documents explaining and documenting the sources and flow of funds used to purchase the jet.

- Recently, I learned that Lisa Storie-Avenatti (Avenatti's former spouse) caused a writ of execution to be issued by the Orange County Family Law Court presiding over the Avenatti marital dissolution proceeding is pending.  The writ was levied by the Orange County Sheriff's office against art works in the possession of a third-party art storage facility, which assets were paid for by EA

5

**RECEIVER'S SEVENTH AND FINAL REPORT**

and are assets of the receivership estate. During this Reporting Period, LGB successfully objected to and obtained a temporary stay of the Sheriff's sale of the art. Pursuant to that stay, LGB prepared a complaint against Ms. Storie, Avenatti, and Avenatti & Associates APC to set aside and recover EA assets (including the art) pursuant to the California Voidable Transfer Act, for a judicial determination that the art is property of the receivership estate, and other various causes of action, including breach of fiduciary duty. That complaint was filed as an adversary proceeding in the bankruptcy case (*Marshack v. Avenatti*, 8:19-ap-01186-CB).

- During this Reporting Period, I learned that EA's former landlord, 520 Newport Center Drive LLC had obtained a Judgment against EA in the amount of $242,874.39 and had recorded an Abstract of Judgment in that amount in Los Angeles County.
- Based on my assessment, as of the date of this report, and subject to further investigation, the key assets potentially available for recovery include:
  - Attorneys' fees from active client cases, most of which are contingency-based;
  - Artwork (see above) and office furniture and equipment, which may be subject to an enforceable Asset Purchase Agreement by which X-Law Group purportedly purchased those assets from EA. Certain of the assets also may be subject to a Superior Court Order and a Marital Dissolution Agreement between Avenatti and his former spouse, Lisa Storie-Avenatti and to a Judgment lien asserted by Jason Frank Law;
  - EA funds used to purchase an interest in the Honda jet owned by Passport 420 LLC (an entity in which Avenatti claims an ownership interest). As discussed above, the jet has been seized by the IRS and currently is held in a third-party aircraft storage facility. I have been working with LGB and counsel for the IRS to reach an agreement for the sale of the jet.

- As also previously reported, LGB and I have been required to respond to claims by or on behalf of Avenatti to obtain at no cost Avenatti, and without EA client approval, unfettered access to and a copy of all of EA's client files and EA business and financial records.  In connection therewith, LGB has responded to requests for information by the California State Bar, including in the form of a declaration signed under penalty of perjury and filed in a pending Bar proceeding against Avenatti.  Shortly after that declaration was filed, Avenatti filed a motion in the criminal proceeding against him, *United States of America v. Avenatti*, Case No. SACR 19-61-JVS, pending in the United States District Court, Central District of California, for access to those documents.  At my instruction, LGB opposed that motion on the grounds that I have repeatedly offered to make relevant documents available to Avenatti on reasonable terms, which offers he has ignored or rejected.  At the August 26, 2019, hearing on that motion the Court denied Avenatti's request.  Shortly thereafter, Avenatti informally agreed to the general terms I previously offered for access to documents.

**Financial Report**

As of September 13, 2019, I am holding pursuant to the Appointment Order $6,265.51 in cash.  As of the date the Appointment Order, EA did not have cash in its bank accounts.

**Summary of EA's Monthly Income and Expenses**

From the date of the Appointment Order through August 31, 2019, the EA receivership estate has incurred no operating costs. The professional fees incurred during this reporting period and since my appointment as the Receiver include the following:

| Professional | Fees & Costs Incurred | Fees Paid | Total Fees Due |
|---|---|---|---|
| Receiver & Force Ten Partners, LLC | September 1, 2019 to September 13, 2019 $18,432.00 See Exhibit A | $0 | $170,478.68 |
| Landau Gottfried & Berger LLP | September 1, 2019 to September 13, 2019 $37,760 | $0 | $422,015.50 |

**Termination of the Receivership Estate**

On October 1, 2019, I caused to be filed a Motion to Terminate the Receivership and a First and Final Application of Receiver for Approval and Payment of Fees and Reimbursement of Costs to the extent the proceeds available to pay such amount. The Receiver also seeks from the Court a release of any and all responsibility for the Receivership Property and a discharge of any liability with regard to the Receivership Property and conduct of the Receivership.

I hereby declare that this report is accurate to the best of my knowledge. Executed at Newport Beach, California on October 1, 2019.

BRIAN WEISS, RECEIVER

# EXHIBIT A



# INVOICE

| | |
|---|---|
| From | **Force 10 Partners**<br>20341 SW Birch, Suite 220<br>Newport Beach, CA 92660<br>(949) 357-2360<br>www.force10partners.com |

| | | | |
|---|---|---|---|
| Invoice For | **Eagan Avenatti, LLP Receivership** | Invoice ID | **1300** |
| | | Invoice Date | 10/01/2019 |
| | | Due Date | 10/01/2019 (upon receipt) |
| Subject | Professional services rendered. | | |

| Item Type | Description | Time (in hours) | Rate | Amount |
|---|---|---|---|---|
| Service | 09/03/2019 - Information Technology Consulting / Erik Nathan: Call with S.Sims for data. | 0.30 | $375.00 | **$112.50** |
| Service | 09/03/2019 - Business Operations / Brian Weiss: Read correspondence from JR re: Barella document production and telco with JR re: same. | 0.20 | $495.00 | **$99.00** |
| Service | 09/05/2019 - Business Operations / Brian Weiss: Telco with JR re: case issues. | 0.10 | $495.00 | **$49.50** |
| Service | 09/06/2019 - Information Technology Consulting / Erik Nathan: Search for engagement letters. Internal discussion. | 0.40 | $375.00 | **$150.00** |
| Service | 09/06/2019 - Business Operations / Brian Weiss: Telco with JR re: potential bankruptcy filing. | 1.00 | $495.00 | **$495.00** |
| Service | 09/07/2019 - Business Operations / Brian Weiss: Prepare bankruptcy petition, schedules, SOFA and related exhibits. | 5.70 | $495.00 | **$2,821.50** |
| Service | 09/07/2019 - Information Technology Consulting / Erik Nathan: Locate QB files in forensic images. Extract QB files. Remove passwords from QB files. Update QB files for access. Upload files to Gdrive. Internal discussion. | 1.10 | $375.00 | **$412.50** |
| Service | 09/08/2019 - Accounting & Bookkeeping / Ellen Sprague: Review QuickBooks file and set up | 0.40 | $255.00 | **$102.00** |

| | | | | |
|---|---|---|---|---|
| Service | 09/09/2019 - Accounting & Bookkeeping / Ellen Sprague: Review invoices received via USPS and update QB for revised vendor information, provide to B Weiss | 5.40 | $255.00 | **$1,377.00** |
| Service | 09/09/2019 - Information Technology Consulting / Erik Nathan: Search for and produce various documents related to EA engagement in specific cases. | 1.30 | $375.00 | **$487.50** |
| Service | 09/09/2019 - Business Operations / Brian Weiss: Prepare information for bankruptcy petition, SOFA and Schedules. | 6.60 | $495.00 | **$3,267.00** |
| Service | 09/09/2019 - Business Operations / Brian Weiss: Telco with JR re: EA bankruptcy filing. | 0.70 | $495.00 | **$346.50** |
| Service | 09/10/2019 - Accounting & Bookkeeping / Ellen Sprague: Continue review of outstanding vendor balances, update vendor database | 2.50 | $255.00 | **$637.50** |
| Service | 09/10/2019 - Business Operations / Brian Weiss: Prepare information for bankruptcy petition, SOFA and Schedules. | 4.40 | $495.00 | **$2,178.00** |
| Service | 09/10/2019 - Business Operations / Brian Weiss: Telco with J. Reitman re: MA's access to servers. | 0.30 | $495.00 | **$148.50** |
| Service | 09/10/2019 - Business Operations / Brian Weiss: Analyzing documents for X-Law asserted cases and prepare documents and correspondence to JR re: same. | 0.60 | $495.00 | **$297.00** |
| Service | 09/11/2019 - Accounting & Bookkeeping / Ellen Sprague: Update creditor mailing database and forward to counsel, follow up call re database | 0.40 | $255.00 | **$102.00** |
| Service | 09/11/2019 - Information Technology Consulting / Erik Nathan: Review declaration. Internal discussion. Validate file name, date, and location referenced in declaration. Restart and configure software environment and re-locate referenced documents. | 0.80 | $375.00 | **$300.00** |
| Service | 09/11/2019 - Report Preparation / Brian Weiss: Prepare August Receiver's report. | 0.40 | $495.00 | **$198.00** |
| Service | 09/11/2019 - Business Operations / Brian Weiss: Prepare information for bankruptcy petition, SOFA and Schedules. | 2.90 | $495.00 | **$1,435.50** |
| Service | 09/11/2019 - Business Operations / Brian Weiss: Search hard copy documents for X-Law asserted cases and prepare documents and correspondence to JR re: same. Scan documents and send to JR. | 0.80 | $495.00 | **$396.00** |
| Service | 09/12/2019 - Business Operations / Brian Weiss: Prepare information and files for bankruptcy petition. Read and provide comments to JR re: draft petition. | 4.00 | $495.00 | **$1,980.00** |

| | | | | |
|---|---|---|---|---|
| Service | 09/13/2019 - Business Operations / Brian Weiss: Read and sign bankruptcy petition, Schedules and SOFA. | 0.40 | $495.00 | **$198.00** |
| Service | 09/13/2019 - Business Operations / Brian Weiss: Read and sign preliminary injunction re: sale of art. | 0.30 | $495.00 | **$148.50** |
| Service | 09/23/2019 - Business Operations / Brian Weiss: Prepare final receiver's report. | 0.30 | $495.00 | **$148.50** |
| Service | 09/23/2019 - Business Operations / Brian Weiss: Telco with JR re: motion to terminate receivership due to the bankruptcy filing. | 0.20 | $495.00 | **$99.00** |
| Service | 09/28/2019 - Business Operations / Brian Weiss: Prepare correspondence to F&M to issue payment to Chapter 7 Trustee then to close the bank accounts. | 0.10 | $495.00 | **$49.50** |
| Service | 09/28/2019 - Business Operations / Brian Weiss: Telco with J. Frank re: termination of receivership. | 0.30 | $495.00 | **$148.50** |
| Service | 09/30/2019 - Business Operations / Brian Weiss: Read motion to termination receivership and related declaration. Prepare final invoice. | 0.50 | $495.00 | **$247.50** |

| | |
|---|---|
| **Amount Due** | **$18,432.00** |

**Notes**

Please contact Force 10 for electronic payment information.
EIN# 81-2745810